### KARTTUNEN v. DRYTRANS, Inc. et al.

United States District Court
S. D. New York.
March 10, 1953.

Sterling & Schwartz, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendants.

EDELSTEIN, District Judge.

Defendants move for an order, under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., requiring plaintiff to produce for discovery and inspection two statements obtained by the plaintiff's attorney in preparation of the case. In answer to interrogatories, plaintiff admitted that written statements had been taken from two witnesses. Thereupon, defendant interviewed them. One of them was willing to talk about the alleged accident to the plaintiff, the other was unwilling to give the defendants any information at all, and neither would sign statements.

The affidavits submitted with the notice of motion make no allegation that the documents sought will in some particular way aid the defendants in the preparation of their case or that the denial of production would cause them hardship. There is no allegation that the statements were made by eyewitnesses, or indeed, by witnesses who might possess any relevant information. And there has been no showing that the statements were taken by plaintiff on the spot, immediately after the accident, thereby giving them a unique status in the realm of the establishment of good cause. There is, in effect, a mere allegation that plaintiff has taken statements which defendants want to see. A more substantial showing of good cause is required, especially where the statements

sought involve the work product of a lawyer. See Moore's Federal Practice, 2d Ed., vol. 4, § 34.09, p. 2454.

Accordingly the motion will be denied, but without prejudice to a renewal upon a proper showing of good cause.