**ALLTMONT v. UNITED STATES et al.**

**O'NEILL v. UNITED STATES et al.**

No. 287 of 1947.

No. 287 of 1946.

United States District Court,
E. D. Pennsylvania.

June 2, 1953.

See also, 87 F.Supp. 214; 98 F. Supp. 309.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas F. McGovern, U. S. Atty., Washington, D. C., Newell A. Clapp, Acting Asst. Atty. Gen., Washington, D. C., H. G. Morison, Asst. Atty. Gen., Washington, D. C., Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

In an earlier opinion in this case the Government's claim of privilege was fully considered by this Court. See 79 F. Supp. 827. The Court of Appeals, 177 F.2d 971, reversed upon another point, and that Court expressly refrained from

passing upon the questions now before me. The Reynolds case, United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, does not affect the ruling in any way. In that case the privilege claimed was the well established common law privilege of refusing to disclose secret information affecting the national security.

In this case the Government does not put its claim of privilege upon that ground. In United States v. Kohler Co., D.C., 9 F.R.D. 289, I sustained a claim of privilege relating to F. B. I. reports, but the point in that case was that the disclosure of the names and identities of the witnesses would be not only a breach of faith and embarrassing to informants, but prejudicial to the Government in its investigations of criminal and quasi-criminal matters. That question does not arise in the present case. The names of the witnesses whose statements are asked for are all known and nothing appears which would indicate that either they or the Government would be embarrassed or prejudiced by turning over to the libellant the written statements which they have given.

As to the witnesses who are within comparatively easy reach, it appears that no effort has been made to obtain the depositions of any of them. There is no question here, as there was in the Reynolds case, supra, of a situation involving technical matters which the libellant's counsel, without the experience and knowledge necessary, might not be able to elicit upon depositions and which might have been disclosed in the witnesses' original statements given to technically trained investigating officers. I, therefore, hold that good cause has not been shown as to the witnesses, Welsford, Coia, Re, McGuigan, Bauer and Murray. If these witnesses can be located now, their depositions should be taken.

As to the remaining witnesses, whom the libellant has been unable to locate, I am of the opinion that good cause has been shown. The affidavit filed by the Government's proctor states in effect that none of the witnesses who gave these statements knew anything which would be helpful to the libellant. Although I do not question the good faith of counsel in making the statement, unless the libellant accepts it, it is obvious that I cannot deny the motion for production upon that ground. The libellant's view of what evidence will be useful to him may differ widely from that of the respondent. An order may be presented directing the production of the statements of these witnesses.