**324**

Nathan BROWN, Plaintiff,

v.

NEW YORK, NEW HAVEN & HART-
FORD RAILROAD COMPANY,
Defendant.

United States District Court,
S. D. New York.

Jan. 6, 1955.

Rubin & Rubin, New Rochelle, N. Y., for plaintiff.

Edward R. Brumley, New York City, for defendant.

DAWSON, District Judge.

Plaintiff moves to inspect and copy certain documents pursuant to Rule 34, Fed.Rules Civ.Proc. 28 U.S.C.A.

This is an action to recover damages for personal injuries incurred when plaintiff, on leaving defendant's train, fell into the space between the car and the station platform.

Plaintiff seeks to inspect and copy statements obtained by defendant's employees, from himself and other witnesses; reports made by defendant's employees; and a report made by defendant's physician of an examination of plaintiff subsequent to the accident, but prior to the commencement of this suit.

Defendant objects to the production of the documents in question on the grounds that (1) plaintiff has not shown good cause; (2) that they are part of the work product of defendant's counsel; and (3) that plaintiff's statement and

one of the reports were produced at an examination before trial and read into the record.

In an affidavit attached to the motion papers, plaintiff's counsel states that the statements and reports of defendant's employees sought were made at or about the time of the accident; that with the exception of plaintiff's statement, these statements and reports did not come to light until the deposition of the defendant was taken at a later date; that the physician's statement sought was obtained as the result of an examination arranged by counsel.

■ In the wake of Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the cases skew madly as to what constitutes good cause under Rule 34. See 4 Moore's Federal Practice 26.23 (8), 2d Ed. The direction of the decisions indicate that with respect to statements of witnesses, good cause, such as death, inability to locate and so forth, must be shown before production for the purpose of copying will be allowed under Rule 34. Alltmont v. United States, D.C. E.D.Pa.1953, 116 F.Supp. 54; Karttunen v. Drytrans, Inc., D.C.S.D.N.Y.1953, 14 F.R.D. 23. But where the statements sought are ones taken at or about the time of the accident complained, the statements are unique in that they constitute the immediate impression of the facts. Moreover, as in the instant situation, defendant's employees, who took the statements, were on hand at the time of the happening, and controlled the circumstances surrounding the taking of the statements. In this instance, there can be no duplication by a deposition that relies upon memory, and an allegation of these facts, uncontroverted, is a sufficient showing of good cause. See Karttunen v. Drytrans, Inc., supra.

■ If the doctrine of good cause is to be so applied to statements taken from witnesses at the time of the accident, there is even further reason for the application of a similar rule to statements taken at that time from a plaintiff who was the subject of the physical and emotional involvements that occurred. Hayman v. Pullman Co., D.C.N.D.Ohio 1948, 8 F.R.D. 238; State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S.W.2d 645, 166 A.L.R. 1429; Moore, op. cit. supra at 1147–1149.

■ Plaintiff should be allowed to inspect and copy a report submitted by a physician in conjunction with a physical examination of plaintiff pursuant to arrangement of counsel.

■■ Defendant objects further on the ground that the reports and statements in question are part of the attorney's work product. Except for the physician's report, the statements were taken in the normal course of business. Even those taken by the Claims Department, which is a part of defendant's Legal Department, are not privileged as a part of the attorney's work product. See Szymanski v. New York, New Haven & Hartford R. R. Co., D.C.S.D.N.Y.1952, 14 F.R.D. 82. Nor is the fact that plaintiff had access to certain of the reports upon an examination before trial under Rule 26 sufficient reason to deny inspection and copying under Rule 34. See Rosenblum v. Dingfelder, D.C.S.D.N.Y. 1941, 2 F.R.D. 309. In fact, discovery under Rule 26 is, in many instances, a necessary concomitant of a motion for production under Rule 34.

Motion granted. So ordered.