**PEOPLE of the STATE OF CALIFORNIA, Plaintiff,**

v.

**UNITED STATES of America, and First Doe to Twentieth Doe, both inclusive, Defendants.**

**No. 38511.**

United States District Court
N. D. California, S. D.

Feb. 14, 1961.

John Fourt and John M. Morrison, Asst. Attys. Gen., for the People of California, plaintiff.

Robert Ensign, Asst. U. S. Atty., San Francisco, Cal., for defendants.

SWEIGERT, District Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, to recover damages for injury to land by fire, resulting from the alleged negligence of defendant's employees in setting and controlling the fire.

This matter is before the Court on plaintiff's motion under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C., for the production, inspection and opportunity to copy certain documents, including, *inter alia*, an investigation report of a certain fire, occurring September 24, 1958, within the Klamath National Forest, prepared shortly after the suppression of the fire by one D. R. Bauer, Investigation Officer for the Forest Service.

To satisfy the "good cause" requirement of Rule 34, plaintiff has filed an affidavit in support of its motion to the effect that the knowledge of the manner of setting the fire and of the cause of its escape from control lie wholly within defendant's knowledge, although some of plaintiff's own forestry personnel were present as observers at the scene of the fire. For this reason, plaintiff asserts that the discovery of this particular report is important in order to establish its case at trial.

In opposition to such motion, defendant contends that an inadequate showing of good cause has been made by the plaintiff, citing plaintiff's failure to give any reason for not taking the depositions of witnesses, twelve in number, whose names have already been disclosed to plaintiff in answer to interrogatories.

As stated by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the purpose of these rules was to clear the way, consistently, with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and the facts before trial so that the time honored cry of "fishing expedition" should no longer

preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all relevant facts gathered by both parties was thenceforth to be deemed essential to proper litigation. To that end, either party could compel the other to disgorge whatever facts he had in his possession.

While Courts seem to differ in their conceptions as to what constitutes "good cause", under Rule 34, this divergence of view is more apparent than real when considered in the light of the particular facts of each case.

Where, as in the instant case, it appears that one party has exclusive control over the circumstances surrounding an event and exclusive or superior opportunity to know or ascertain the facts, we believe that good cause exists to require that party's disclosure of such portions of any report as might contain the statements of witnesses or facts personally observed by the investigator even though, as here, the identity of potential witnesses has already been disclosed by answers to interrogatories through whose depositions a belated statement of the facts might be obtained. See, Brown v. New York, New Haven & Hartford R. Co., D.C.S.D.N.Y.1955, 17 F.R.D. 324; Hesch v. Erie R. Co., D.C.N.D.Ohio 1952, 14 F.R.D. 518.

Not only are "on-the-spot" statements more reliable than later statements made months after the occurrence, but they relate as well to the credibility of witnesses originally under the control of and exclusively available to the adverse party. To rigidly hold that a party seeking production must always show that he has been unable to obtain his own statements from the witnesses by deposition is neither necessary nor advisable. Cf. 4 Moore's Federal Practice, 2d Ed. 1143.

It does not follow, however, that portions of a report which contain, not statements of fact signed or approved by witnesses, or statements of fact representing the personal observations of the investigator, but mere guesses, opinions, theories, comments or recommendations of witnesses or of an investigator, or mere summations or notations made by him concerning information orally obtained from witnesses, should be produced without a stronger showing by the demanding party of reasons for not obtaining such information by his own devices or through the ordinary discovery processes by deposition or interrogatory.

Generally, such material contained in an investigative report is subject to correction and even to rejection by the party who caused the investigation to be made. Although such a report is not entitled to protection under the "attorney-work-product" privilege, Hickman v. Taylor, supra; 4 Moore, supra, at page 1135, because it generally is made by an investigating agent acting in other than a legal capacity, where it contains material in the nature of opinion, theory, or recommendation, made either by witnesses or the investigator, such a document or report partakes of the nature of an attorney's notes in preparation of his case, and production of such material should, therefore, be conditioned upon a strong showing of necessity.

For the foregoing reasons, it is ordered that the motion for production of the investigation report be 1) granted with respect to such portions thereof as pertain to statements of witnesses, signed or approved by the witnesses, or to statements of facts, personally observed by the investigator, but 2) denied with respect to such portions thereof as pertain to mere opinion, guesses, theories, or recommendations expressed by witnesses or by the investigator, or mere summations or notations made by him of information orally obtained from witnesses.

It is further ordered that the Court retains jurisdiction over this matter to afford such protective relief as defendant may require in complying with this order to produce, or to order, upon proper showing by plaintiff, the whole of said report to be lodged with the Court for

*in camera* inspection to determine whether defendant has in good faith substantially complied with this order.

Since defendant has indicated its willingness to produce for inspection and copying the other documents described by plaintiff in its motion to produce, to wit, a so-called "master plan" relating to the fire, a memorandum from District Ranger Clark to Forest Supervisor Bowen, and a memorandum from Bowen to the Regional Forester, we also order defendant to produce these.

It is so ordered.