297 F.2d 921
 The GUILFORD NATIONAL BANK OF GREENSBORO, Administrator
c.t.a., d.b.n., of the Estate of Joseph M. Coble,
Deceased, Plaintiff, Appellee,
v.
SOUTHERN RAILWAY COMPANY, Defendant and Third-Party
Plaintiff, Appellant, v. Garland BATCHELOR,
Executor of the Estate of Annie J.
Coble, Deceased, Third-Party
Defendant, Appellee.
 No. 8381.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 13, 1961.
Decided Jan. 4, 1962.
 
 C. T. Leonard, Jr., Greensboro, N.C., and W. T. Joyner, Raleigh, N.C. (L.P. McLendon and L. P. McLendon, Jr., Greensboro, N.C., on brief), for defendant-appellant, Southern Ry. Co.
 Welch Jordan, Greensboro, N.C. (Jordan, Wright, Henson & Nichols, Greensboro, N.C., on brief), for plaintiff-appellee, Guilford Nat. Bank of Greensboro, Administrator, etc.
 Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.
 SOBELOFF, Chief Judge.
 
 
 1
 This appeal is from a judgment holding the defendant in contempt for refusing to obey the District Judge's order requiring the defendant, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to produce written statements of witnesses obtained by its claim agent. The specific question presented is whether the District Judge has abused his discretion by finding that the plaintiff had satisfactorily shown such 'good cause' as is required by Rule 34 before discovery of written statements of prospective witnesses may be ordered. Concededly, the plaintiff demonstrated that the desired documents were in the defendant's sole possession and were relevant to the controversy. Is this sufficient?
 
 
 2
 Plaintiff is the administrator of the estate of Jesse Coble who, on July 13, 1958, was killed with his wife in a trainautomobile crossing collision between his car and one of the defendant's trains. The following day, the defendant's claim agent secured written statements from six witnesses. On July 15, he secured written statements from a seventh witness, on July 16 from two more witnesses, and from another on July 19. Further written statements were gathered on August 11 and September 8. Six of these witnesses were members of the train crew involved in the accident, but the record does not disclose which of the witnesses were the crewmen.
 
 
 3
 On July 16, three days after the collision, attorneys for the plaintiff were notified of the accident, and late on July 18 they began their investigation. They interviewed witnesses on July 19, 21 and 22, but took no written statements.
 
 
 4
 An action for damages was filed on September 19. Some time later, the defendant informally disclosed to the plaintiff the names and addresses of the members of the train crew. On January 26, 1959, the plaintiff filed with the defendant forty-six interrogatories pursuant to Rule 33 which, after a few legal skirmishes, it answered in full. In response to one of the questions, the defendant furnished the names and addresses of all persons interviewed by it. On August 25, 1959, the plaintiff filed in the District Court a motion under Rule 34 seeking the production of a number of documents in the defendant's possession, including the written statements which the defendant had obtained from witnesses. The supporting affidavit stated that most of these statements were taken by the defendant before the plaintiff's attorney could begin his investigation, that copies of these statements were 'not otherwise available,' and that they contained 'relevant and material information' needed by the plaintiff to prepare properly for the trial.
 
 
 5
 The District Judge required the production of the written statements of the witnesses. Guilford National Bank of Greensboro v. Southern Ry., 24 F.R.D. 493 (M.D.N.C.1960). His opinion stated that relevancy was the predominant factor constituting good cause and that the defendant had not shown that any prejudice would result from disclosing these statements, particularly since at the pre-trial conference the defendant would have to reveal the nature of the expected testimony. Nevertheless, the defendant persisted in its refusal to disclose the statements, and after a hearing was adjudged in contempt and fined $250.00.
 
 
 6
 * We think that the showing of good cause required by Rule 34[1] is not made by a demonstration that the desired written statements of witnesses are relevant to the controversy and will aid the moving party in his preparations for trial. The scheme of Part V of the Federal Rules of Civil Procedure, Rules 26-37, establishing the entire available battery of pre-trial discovery devices,[2] indicates that something more than a showing of relevancy is needed to satisfy Rule 34. The discovery devices sanctioned by Part V of the Federal Rules include the taking of oral and written depositions of persons (Rules 26-32), interrogatories to parties (Rule 33), production of documents in the possession of a party (Rule 34), and physical and mental examinations of a party (Rule 35). The scope of permissible discovery through these means is limited in each instance by the provisions of Rules 26 30(b), and 30(d). Rule 26(b) provides that 'unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *.' Rules 30(b) and (d) permit the district court, upon motion, to limit, terminate or otherwise control the use of discovery devices to prevent their use in bad faith or undue 'annoyance, embarrassment, or oppression.' Subject to these restrictions, a party may take depositions and serve interrogatories without prior sanction of the court or even its knowledge of what the party is doing. Only if a deponent refuses to answer in the belief that the question is irrelevant, can the moving party request under Rule 37 a court order requiring an answer.
 
 
 7
 Significantly, this freedom of action, afforded a party who resorts to depositions and interrogatories, is not granted to one proceeding under Rules 34 and 35. Instead, the court must decide as an initial matter, and in every case, whether the motion requesting production of documents or the making of a physical or mental examination adequately demonstrates good cause. The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b). Thus, by adding the words 'showing good cause therefor,'[3] the Rules indicate that there must be greater showing of need under Rules 34 and 35 than under the other discovery rules.
 
 
 8
 There appear to be adequate policy reasons for imposing the good cause requirement in Rules 34 and 35. Under Rule 35, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate. Similarly, compelling the production of documents under Rule 34 can be extremely harassing. Use of the weapon which this rule forges should not be permitted without more than the easily satisfied test of relevancy. This is particularly true since the identity of the witnesses can be readily discovered by Rule 33 interrogatories. Opposing counsel then has the opportunity to interview these witnesses himself or to take their depositions. If it should subsequently appear that these exists a special need to compel disclosure of the statements themselves, this would undoubtedly satisfy the required showing of good cause.
 
 
 9
 We are not unmindful that one important purpose of discovery is to disclose all relevant and material evidence before trial in order that the trial may be an effective method for arriving at the truth and not 'a battle of wits between counsel.' Hickman v. Taylor, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) (Jackson, J., concurring); see Frost, The Ascertainment of Truth by Discovery, 28 F.R.D. 89 (1961). Doubtless, written statements of witnesses, if placed in the hands of opposing counsel, could aid him in preparing his case because this would give him a specific indication of the forthcoming testimony and a basis for impeachment if a witness departed from his prior statements. There is also the possiblity that counsel would gain information opening up new areas for investigation before trial. However, these considerations must have been before the Advisory Committee that drew up the Rules and the Supreme Court when it adopted them. It is noteworthy that, while the Advisory Committee in 1955 urged deletion of the good cause requirement, the Supreme Court did not act on the recommendation. See Developments in the Law-- Discovery, 74 Harv.L.Rev. 940, 965-67 (1961).
 
 
 10
 The Federal Rules of Civil Procedure should be liberally construed, but they may not be expanded by disregarding plainly expressed limitations. We are not prepared to depart from the explicit language of Rule 34 when viewed in the context of the entire discovery section. In holding that a demonstration that the desired materials are relevant to the subject matter of the litigation does not by itself satisfy the good cause requirement of Rule 34, we are joining every other Court of Appeals that has considered this question. Hauger v. Chicago, Rock Island & Pac. R.R., 216 F.2d 501 (7th Cir. 1954); Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811 (1948); see Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958); Williams v. Continental Oil Co., 215 F.2d 4 (10th Cir. 1954); Alltmont v. United States, 177 F.2d 971 (3d Cir. 1950).
 
 
 11
 The appellee has cited a number of cases, mostly in district courts, in support of its contention that good cause is established by a showing of the relevancy of the documents. Heavy reliance is placed on Connecticut Mut. Life Ins. Co. v. Shields, 17 F.R.D. 273 (S.D.N.Y.1955). While it is true that the District Judge there stated that 'the modern trend is to equate good cause in Rule 34 with relevancy and materiality to the subject matter of the action,' 17 F.R.D. at 277, the case before him concerned the production of business records which were in the sole possession of the opposing party. The actual record of figures and technical details of business transactions may well be indispensable because the necessary information cannot be satisfactorily discovered by interrogatories and depositions. Such is not the situation where written statements of witnesses are involved because usually the desired information can be obtained by readily available discovery procedures, once the identity of the witnesses is learned.[4] The appellee relies also on Reynolds v. United States, 192 F.2d 987 (3d Cir. 1951), rev'd on other grounds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); People of State of California v. United States, 27 F.R.D. 261 (N.D.Calif.1961); and Brown v. New York, N.H. & H.R.R., 17 F.R.D. 324 (S.D.N.Y.1955), all cases in which the district judge ordered the production of written statements of witnesses secured by the defendant approximately at the time of the accident. These cases do not support the plaintiff's contention which seeks to equate relevancy with good cause, for special circumstances were present in each case.
 
 II
 
 12
 Having concluded that relevancy is not the equivalent of good cause, we must face the question whether the plaintiff presented other circumstances sufficient to justify the District Court's order. It must be recognized that, since the primary responsibility for the administration of Rule 34 is upon the district judge, he has a latitude of discretion in deciding whether a showing of good cause has been made. See Tiedman v. American Pigment Corp., 253 F.2d 803, 808 (4th Cir. 1958); Pennsylvania R.R. v. Kirkpatrick, 203 F.2d 149 (3d Cir. 1953). The issue therefore is whether the District Judge exceeded permissible bounds in granting the plaintiff's Rule 34 motion. We think that he did.
 
 
 13
 The plaintiff has pointed out a number of circumstances which, when viewed in conjunction with the obvious relevancy of the desired statements, it claims are special and justify the District Judge's finding of good cause. First, it points out that some of the witnesses' statements were given one day after the accident. It is argued that since it is unlikely that the witnesses, when questioned at a later date, would be able to recapture their immediate perceptions of and reactions to the accident, their written statements, in addition to being extremely valuable to counsel, are irreplaceable. Indeed, it appears that the courts are unanimous in holding that a showing that the statements were made at the time of the accident satisfies the good cause requirement of Rule 34. See Reynolds v. United States, 192 F.2d 987, 991-992 (3d Cir. 1951), rev'd on other grounds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); People of State of California v. United States, 27 F.R.D. 261 (N.D.Calif.1961); Brown v. New York, N.H. & H.R.R., 17 F.R.D. 324 (S.D.N.Y.1955); 4 Moore, Federal Practice 34.08, at 2452 (2d ed. 1950); Annot., 73 A.L.R.2d 12, 70-73 (1960); cf. New York Cent. R.R. v. Carr, 251 F.2d 433, 435 (4th Cir. 1957). Nevertheless, in all the above cited cases, not only were the witnesses' statements approximately contemporaneous with the accident, but opposing counsel had no opportunity to question the witnesses until weeks or months later, if he could question them at all. In the present case, the plaintiff began intervewing witnesses on July 19, six days after the accident, and concluded three days later. Absent circumstances to the contrary, there is no reason to suppose that an interview of a witness six days, or even nine days, after the accident is any less reliable than a statement taken on the day following the accident. If there were circumstances indicating a distinct and irremediable disadvantage to a party who is compelled to rely on statements obtained by him later than those obtained by the other party, a different case might be presented.
 
 
 14
 Plaintiff also argues that it is a special circumstance that some of the witnesses are members of the defendant's train crew who are unlikely to reveal to the plaintiff facts which might fix responsibility upon their employer. Although we recognize that an employee may be subject, either consciously or unconsciously, to a feeling of loylty towards his employer which could color his statements to opposing counsel, nevertheless, it is not a sufficient showing of good cause to allege only that the written statements were made by employees of the defendant. See Hauger v. Chicago, Rock Island & Pac. R.R., 216 F.2d 501 (7th Cir. 1954); Martin v. Capital Transit Co.,83 U.S.App.D.C. 239, 170 F.2d 811 (1948). The plaintiff cannot be permitted to rely entirely upon the defendant's efforts. The case might be different if the plaintiff had taken depositions of the employee-witnesses, or at least interviewed them. Then perhaps he might be in a position to say that the employees were reluctant to speak freely with him, or were openly hostile, or that there was some reason to believe that their prior written statements were inconsistent with what they told him. Or the plaintiff could offer to exchange the information he received for the written statements in the defendant's possession. Although the requirement of good cause is more easily satisfied when witnesses are employees than in the usual case, some specific showing should nonetheless be made. 'Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary. Hickman v. Taylor, 329 U.S. 495, 516, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (Jackson, J., concurring).
 
 
 15
 Plaintiff's final contention is that the written statements are in the exclusive possession and control of the defendant. However, the unavailability of the statements themselves, while necessary if good cause is ever to be shown, does not by itself militate against the fact that the substance of the statements is discoverable by depositions or interrogatories, or perhaps by arranging for interviews with the witnesses.
 
 
 16
 No other special circumstances are made to appear. This is not a case where the witnesses who gave the adversary their written statements are presently unavailable, see Hilton v. Contiship Corp., 16 F.R.D. 453 (S.D.N.Y.1954), or are shown to be hostile, see Mitchell v. Bass, 252 F.2d 513, 518 (8th Cir. 1958), or where the plaintiff is financially unable to conduct an independent investigation. See Naylor v. Isthmian S.S. Co., 10 F.R.D. 128 (S.D.N.Y.1950). Rather, this case comes within the rule laid down by Judge Maris for the Third Circuit in Alltmont v. United States, 177 F.2d 971, 978 (3d Cir. 1950):
 
 
 17
 'His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case.'
 
 III
 
 18
 The District Judge, in granting the plaintiff's motion under Rule 34, denied that these written statements of witnesses, secured by a claim agent before the commencement of any litigation, were protected from discovery by the work-product doctrine of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). However, we find it unnecessary to decide this question, having concluded that there was not a sufficient showing of good cause.
 
 
 19
 Taking the view that the District Court's order under Rule 34 was incorrect, the judgment against the defendant for its violation must be
 
 
 20
 Reversed.
 
 
 
 [1]
 'Rule 34. Discovery and Production of Documents and Things for Inspection, Copying, or Photographing
 'Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *.'
 
 
 [2]
 A party may resort to a subpoena duces tecum, sanctioned by Rule 45, to require the other party to produce relevant documents. However, the courts have reduced the scope of this rule to that of Rule 34 by reading the good cause requirement into Rule 45. See, e.g., Connecticut Mut. Life Ins. Co. v. Shields, 17 F.R.D. 273 (S.D.N.Y.1955); North v. Lehigh Valley Transit Co., 10 F.R.D. 38 (E.D.Pa.1950); 4 Moore, Federal Practice 26.10, at 1053-54 (2d ed. 1950). The obvious reason is that a party should not be permitted to obviate the limitations of Rule 34 by resorting to Rule 45. Compare Alltmont v. United States, 177 F.2d 971 (3d Cir. 1950). As interpreted by the courts, the only apparent difference between the two procedures is that, while under Rule 34 the moving party must initially show good cause, under Rule 45 the opposing party must object to the motion
 
 
 [3]
 The key words in Rule 35 are 'on motion for good cause shown.'
 
 
 [4]
 United States v. National Steel Corp., 26 F.R.D. 607 (S.D.Tex.1960), and Houdry Process Corp. v. Commonwealth Oil Refining Co., 24 F.R.D. 58 (S.D.N.Y.1959), are other cases relied on by the plaintiff where the judge ordered the production of business records