Parley Lee BURNS, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD
COMPANY, Defendant.

Civ. C 62–297.

United States District Court

N. D. Ohio, E. D.

July 11, 1963.

Elmer I. Schwartz, Metzenbaum, Gaines, Schwartz & Krupansky, Cleveland, Ohio, for plaintiff.

John F. Dolan, F. M. Apicella, Cleveland, Ohio, for defendant.

JONES, District Judge.

On or about December 5, 1960, plaintiff was injured while unloading car scrap from a flat car at defendant's plant in Ashtabula, Ohio. A. DiMare and S. Grippe, both employees of the defendant, witnessed the accident. Plaintiff filed his complaint on April 4, 1962. S. Grippe's statement was taken by the defendant on April 12, 1962. A. DiMare's statement was taken April 20, 1962. Plaintiff has filed a motion for production and inspection of documents asking to inspect and copy (1) the written statements of A. DiMare and S. Grippe, (2) all written accident reports, and (3) payroll records of defendant showing plaintiff's gross and take home pay during several prescribed periods. Defendant objects to the production of these documents.

■ As the Court of Appeals said in Guilford National Bank of Greensboro v. Southern Railway Co., 297 F.2d 921 (4 Cir. 1962). "The Federal Rules of Civil Procedure should be liberally construed, but they may not be expanded by disregarding plainly expressed limitations." The limitations imposed upon the examination which a party may conduct under Rule 34 are that the matters concerning which inquiry is made must be relevant to the subject matter, must not be privileged and good cause for their production must be shown.

■■ Defendant bases its objection on the grounds of a failure by the plaintiff to show good cause. Good cause is present where there is substantial inequality of investigative opportunity or where the adversary has taken statements of a witness and that witness is hostile or no longer available to the party seeking discovery. Scourtes v. Fred W.

Albrecht Grocery Co., 15 F.R.D. 55 (N. D.Ohio 1953), Guilford National Bank of Greensboro v. Southern Railway Co., 297 F.2d 921 (4 Cir. 1962), Mauk v. New York Central Railroad Co., No. 36892; Lee v. New York Central Railroad Co., No. 37194. However, these cases reject the contention that the mere fact a witness is an employee of the defendant is a special circumstance entitling plaintiff to the discovery of his statement.

■ Here the two witnesses' statements were taken approximately one year and five months after the accident and several weeks after plaintiff filed his complaint. There is no substantial inequality of investigative opportunity here. Plaintiff's attorney in his affidavit makes the positive statement that S. Grippe absolutely refused to talk to the affiant and that if affiant wanted to talk about the Burns case he would have to talk to the company lawyer. The refusal to respond to the request by plaintiff's attorney for a statement is a sufficient showing of hostility on the part of this witness, who is also a company employee, to warrant a finding of good cause.

■ However, no such showing of good cause has been made as to A. DiMare. Consequently, the plaintiff is entitled to inspect and copy the statement of S. Grippe but is not entitled to see the statements of A. DiMare.

■ Plaintiff is entitled to inspect such accident reports which were prepared in the regular course of business by the defendant immediately following the accident. Lee v. New York Central, supra, and Scourtes v. Fred W. Albrecht Grocery Co., supra.

■ Since the defendant has raised the issue that plaintiff received welfare assistance while employed by defendant, plaintiff is entitled to inspect and copy those payroll records asked for by the plaintiff in Item 3 of the Motion for Production of Documents.