**MARYLAND SHIPBUILDING & DRY-DOCK COMPANY**
and
Coastal Ship Corporation
and
Sea-Land Service, Inc.
v.
The BAKER–WHITELY TOWING CO.
and
TUG AMERICA
and
TUG PROGRESS
and
TUG SCANDINAVIA, Their respective engines, boilers, etc.
No. 4982.

United States District Court
D. Maryland.
March 31, 1967.

---

12. See, e. g. Ash v. Farwell, supra.

13. But see Note, 48 Va.L.Rev. 122, 128 (1962).

David R. Owen, William R. Dorsey, III, and Semmes, Bowen & Semmes, Baltimore, Md., and Foley & Martin, New York City, for plaintiffs.

John D. Alexander and Constable, Alexander & Daneker, Baltimore, Md., for defendants.

FRANK A. KAUFMAN, District Judge.

Plaintiffs, seeking recovery for damages alleged to have been sustained on December 19, 1963, in a collision involving a vessel owned by one of plaintiffs, allege that the collision was caused solely by the negligence of defendant and by its failure to perform its undertaking in a safe and workmanlike manner. Defendant, answering, denies all such allegations and seeks, by counterclaim, indemnity and/or contribution from one or more of plaintiffs.

Suit was instituted in this Court on March 10, 1966. On December 16, 1966, defendant addressed interrogatories to plaintiffs. On February 23, 1967, one plaintiff, Maryland Shipbuilding & Drydock Company (Maryland), answered those interrogatories. On February 27 defendant filed a motion to compel additional answers by Maryland to its interrogatories, and a motion under Federal Civil Rule 34 for production by Maryland of written statements and reports made or given to Maryland by certain of its employees who allegedly were witnesses of the collision. On February 28 the other two plaintiffs filed answers to defendant's interrogatories. On March 1 Maryland filed an answer opposing defendant's motion for production. On March 8 and on March 16 plaintiffs filed supplemental answers to interrogatories.

The Court understands that all discovery questions have now been resolved to the satisfaction of the parties, except insofar as defendant's motion to produce is concerned. That question is the only issue in this case before this Court at this time. Plaintiffs contend the motion should be denied under the authority of Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 (4th Cir. 1962). Defendant takes the position that it should prevail under Goosman v. A. Duie Pyle, Inc., 320 F.2d 45 (4th Cir. 1963) and within the exceptions stated in the *Guilford* case.

As previously stated, the alleged collision in this case occurred on December 19, 1963, and plaintiffs instituted suit on March 10, 1966. Maryland obtained statements from four of its employees, one of which is dated December 19, 1963;

another is dated December 20, 1963; and the other two statements, though undated, are apparently conceded by Maryland to have been obtained shortly after December 19, 1963.

On December 19, 1963, the day of the accident, Maryland wrote defendant advising the latter that it would hold it liable for all damages resulting from the collision. Five days later, on December 24, defendant replied to Maryland's letter of December 19, denying liability.

In *Guilford* plaintiff was the administrator of the estate of a man who was killed with his wife on July 13, 1958 in a collision involving decedent's car and defendant's train. On July 14, 15, 16 and 19 defendant's claim agent secured written statements from ten witnesses, and obtained further statements on August 11 and September 8. Six of those witnesses were employees of defendant, members of the train crew involved in the accident.

On July 16, three days after the collision, plaintiff's attorneys were notified of the accident. They began their investigation on July 18 and interviewed witnesses on July 19, 21 and 22, but took no written statements. Suit was filed on September 19. Defendant later informally disclosed to plaintiff the names and addresses of the members of defendant's train crew.

On January 26, 1959, plaintiff addressed forty-six interrogatories to defendant under Federal Civil Rule 33. In response to one of the questions, defendant furnished the names and addresses of all persons interviewed by it. On August 25, 1959, plaintiff filed a motion under Rule 34 seeking the production of a number of documents in defendant's possession including the written statements which defendant had obtained from witnesses. Plaintiff did not take, or seek to take, the depositions of the witnesses. The District Court first ordered the defendant to produce the documents under Rule 34, and then held defendant in contempt for refusing to comply with its

said order. The Circuit Court of Appeals for the Fourth Circuit, in an opinion written by Judge Sobeloff, after stating the standard of good cause as the basic requirement of Rule 34, reversed the District Court's order, holding that the District Judge exceeded permissible bounds of discretion. Judge Sobeloff wrote (297 F.2d at 926):

The plaintiff has pointed out a number of circumstances which, when viewed in conjunction with the obvious relevancy of the desired statements, it claims are special and justify the District Judge's finding of good cause. First, it points out that some of the witnesses' statements were given one day after the accident. It is argued that since it is unlikely that the witnesses, when questioned at a later date, would be able to recapture their immediate perceptions of and reactions to the accident, their written statements, in addition to being extremely valuable to counsel, are irreplaceable. Indeed, it appears that the courts are unanimous in holding that a showing that the statements were made at the time of the accident satisfies the good cause requirement of Rule 34. [Citations omitted]. Nevertheless, in all the above cited cases, not only were the witnesses' statements approximately contemporaneous with the accident, but opposing counsel had no opportunity to question the witnesses until weeks or months later, if he could question them at all. In the present case, the plaintiff began interviewing witnesses on July 19, six days after the accident, and concluded three days later. Absent circumstances to the contrary, there is no reason to suppose that an interview of a witness six days, or even nine days, after the accident is any less reliable than a statement taken on the day following the accident. If there were circumstances indicating a distinct and irremediable disadvantage to a party who is compelled to rely on statements obtained

by him later than those obtained by the other party, a different case might be presented.

Plaintiff also argues that it is a special circumstance that some of the witnesses are members of the defendant's train crew who are unlikely to reveal to the plaintiff facts which might fix responsibility upon their employer. Although we recognize that an employee may be subject, either consciously or unconsciously, to a feeling of loyalty towards his employer which could color his statements to opposing counsel, nevertheless, it is not a sufficient showing of good cause to allege only that the written statements were made by employees of the defendant. [Citations omitted]. The plaintiff cannot be permitted to rely entirely upon the defendant's efforts. The case might be different if the plaintiff had taken depositions of the employee-witnesses, or at least interviewed them. Then perhaps he might be in a position to say that the employees were reluctant to speak freely with him, or were openly hostile, or that there was some reason to believe that their prior written statements were inconsistent with what they told him. Or the plaintiff could offer to exchange the information he received for the written statements in the defendant's possession. Although the requirement of good cause is more easily satisfied when witnesses are employees than in the usual case, some specific showing should nonetheless be made. "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." Hickman v. Taylor, 329 U.S. 495, 516, 67 S.Ct. 385, 91 L.Ed. 451 (1946) (Jackson, J., concurring).

In *Goosman*, plaintiff suffered personal injuries and property damages in a collision on December 9, 1959, on a four-lane highway involving his automobile and defendant's tractor-trailer rig. The rig operator, who was a witness to the accident and whose own negligent act was alleged as the basis of the negligence of defendant, his employer, made separate written statements to the rig's owners and to the defendant lessee "within a very short time after the collision" (320 F.2d at 50), the one to defendant being dated December 18, 1959. Upon motion by plaintiff under Rule 34, the District Court refused to require defendant to produce those statements. A jury rendered its verdict for defendant. On appeal, the Circuit Court of Appeals for the Fourth Circuit remanded the case with instructions to the District Court to require defendant to produce the statements for inspection by the District Court and by plaintiff, and for the District Court to determine if there were any significant discrepancies between the rig operator's post-accident statements and his testimony which would warrant a new trial.

Judge Boreman, speaking in *Goosman* for the Court, related (320 F.2d at 50) that

for many weeks Goosman was prevented by confinement and hospitalization, due to his injuries, from investigating and engaging counsel to investigate his case to discover witnesses who might have a fresh recollection of the cause and circumstances of the collision; Goosman's counsel contemplated making Anderson [the rig operator] a party defendant and deemed it improper and unethical to interview him; at the taking of Anderson's oral deposition January 24, 1962, upon being asked if there were any factual variances or discrepancies between the prior written statements and his statements on deposition, Anderson was advised by counsel not to answer those questions; Anderson was employed by the defendants to whom report was made; the statements were relevant, not privileged; they were in the custody of defendants' counsel and unavailable to Goosman. In his state-

ment of grounds in support of the motion, Goosman also stated he was released from confinement in Lennox Hill Hospital, New York, on March 11, 1960, and engaged Maryland counsel on March 15, 1960.

After quoting certain parts of the *Guilford* opinion which are also quoted above in this opinion, Judge Boreman noted that Goosman was prevented from taking Anderson's statements for four months; that Goosman "may have sustained a disadvantage affecting the fundamental issues of liability" (320 F.2d at 51); that the need to examine Anderson's statements and reports first became apparent during the taking of Anderson's deposition on January 24, 1962 when Goosman's counsel objected to questions and refused to allow answers concerning Anderson's statements; and that there was the possibility of discrepancies between Anderson's report and his deposition which could be important with regard to both the material facts and Anderson's credibility.

In this case defendant seeks the written statements of Maryland's employees. In *Guilford* and *Goosman*, the reverse was true—the respective plaintiffs were seeking discovery. In this case defendant in December, 1963, or indeed at any time prior to two and one-quarter years later, namely March 10, 1966, when plaintiffs instituted suit, could not, without itself instituting a court proceeding, take the depositions of Maryland's employee-witnesses. On February 10, 1967, while the first of the four employee-witnesses was being deposed, plaintiffs' counsel refused to permit that witness to refresh his recollection by referring to his statement. Plaintiffs' counsel stated he had the statement with him but declined on request of defendant's counsel to produce it. During the taking of the depositions of the other three employee-witnesses, defendant's counsel asked questions concerning the respective statements of each witness though he did not again ask that any of them be pro-

duced. The depositions themselves do not indicate hostility, though certain of the witnesses could not supply detailed answers in February 1967 concerning December 1963 occurrences. One witness stated he had not read his statement since giving it; one had read it six or seven months before the deposition; one just before the deposition; and one quite some time ago.

In *Guilford*, the party seeking production had not deposed the witness whose statements were desired for inspection. Here depositions have been taken. In *Guilford*, the opportunity to take depositions very shortly after the accident was not seized; here there was no such opportunity open to defendant unless it instituted court proceedings. In *Goosman*, the statements desired were of the key witness, the person whose own alleged negligence constituted whatever negligence there might have been on the part of defendant. Here it is not probable that the testimony of any single witness whose report is sought possesses such importance.

On balance, this Court is of the opinion that defendant is entitled to inspect the statements it seeks to have produced to the extent those statements disclose facts closely related to the information which defendant previously sought to discover by interrogatories and depositions. I orally informed counsel in chambers several days ago that I had reached this conclusion and that as soon as I completed preparation of this opinion, I would ask Maryland's counsel to deliver to me for inspection the four statements and that I would then determine, much in the same way as is prescribed in the Jencks Act, 18 U.S.C.A. § 3500(c), what portions, if any, of the statements should be produced by Maryland for the inspection and use of defendant. Thereupon, without awaiting the filing of this opinion, Maryland's counsel supplied the statements to me. Having read the statements, I find them to be sufficiently

related to the information previously sought in discovery proceedings by defendant's counsel and therefore order Maryland to produce them as sought by defendant in its motion under Rule 34.