Mrs. Annie Ruth LEE and George A. Lee
v.
William Paul HEAD.
Civ. A. No. 863.

United States District Court
N. D. Georgia,
Newnan Division.
May 27, 1969.

**304**

Beck, Goddard, Owen & Smalley, Griffin, Ga., for plaintiffs.

Kelly, Champion & Henson, Columbus, Ga., for defendant.

### ORDER

HENDERSON, District Judge.

The plaintiffs Lee moved the court for an order requiring defendant Head to produce (1) all written statements given by defendant to his insurance company or its agents, describing the accident or any facts bearing on the case, (2) all written reports made by any insurance adjustors or accident investigators concerning or based on these statements.

For good cause, required by Fed.R.Civ. P. 34, plaintiffs stated that statements made by defendant to the plaintiff immediately after the collision were inconsistent with his testimony given later on deposition. Defendant objected to the motion on the grounds that the showing of good cause was insufficient. The court generally agrees with the plaintiffs, and grants the motion.

In this case, more than 14 months had elapsed from the time of the accident before the plaintiffs filed suit. Defendant was deposed within two months from the filing of the suit. The statements of defendant, which are the subject of the pending discovery motion, were uttered at the time of the accident. Moreover, plaintiffs are convinced that defendant's statements to them at the scene of the accident were inconsistent with his deposition testimony. Considering these facts in the light of the court's understanding of Southern Railway Company v. Lanham, 403 F.2d 119 (5th Cir. Oct. 30, 1968), plaintiffs have made a sufficient showing of "good cause", under Fed.R.Civ.P. 34.

Nor does the court find that the opinion in Guilford National Bank of Greensboro v. Southern Railway Company, 297 F.2d 921 (4th Cir. 1962), is inconsistent with its holding in this case. Although *Guilford* held that the good cause alleged by the plaintiff was insufficient, the discovery deposition in that case began six days after the accident and was concluded within three days. The court stated:

> Absent circumstances to the contrary, there is no reason to suppose that an interview of a witness six days, or even nine days, after the accident is any less reliable than a statement taken on the day following the accident. 297 F.2d at 926.

This is not true of a deposition taken approximately 16 months following the accident. Statements taken from witnesses shortly after the accident "* * provide an immediate impression of

the facts that cannot be recreated or duplicated by a deposition that relies upon memory * * *." Southern Railway Company v. Lanham, *supra*. In this case, defendant's brief points out apparently substantial memory failures of defendant on deposition, to-wit,

> * * * Whether the brake lights on Annie Ruth Lee's automobile were operating, whether a black topped area on the right of the road was marked, whether Annie Ruth Lee pulled off entirely into this right hand lane or black top portion, whether defendant recalls who the policeman was making the initial investigation, and whether any photographs had been made of the vehicles or the scene of the accident.

For further support to the court's holding, see Southern Railway Company v. Campbell, 309 F.2d 569 (5th Cir. 1962), where the court held that a six month delay in engaging counsel satisfied the good cause requirement.

Defendant levels sharp criticism at the decision of the Fifth Circuit in Southern Railway Company v. Lanham, *supra*, and criticizes the Fifth Circuit's position on good cause, as "not in accord with the majority of circuits". Parenthetically, the court notes that on March 4, 1969, a motion for rehearing en banc was denied because a majority of the Circuit Judges in regular active service did not vote in favor of it. (Chief Judge Brown, dissenting.) Therefore, *Lanham* does represent the position of the Fifth Circuit. In addition, whatever the position of the Fifth Circuit may be, in relation to other circuits, this court is bound by its pronouncements. However, as stated above, this court sees no inconsistency with the *Guilford* decision, when that decision is limited to its facts. The case of Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) considered good cause, but under Fed.R.Civ.P. 35, not rule 34. Therefore, the approval of *Guilford* in that case, focuses attention on the *Guilford* decision

itself, rather than further elucidating the meaning of good cause.

Therefore, plaintiffs' motion to inspect and copy is granted, as to (1) all written statements given by defendant in connection with the accident to any insurance adjustor, claims representative, or accident investigator, and (2) all written reports made by any insurance adjustor, claims representative, or accident investigator, to the defendant's insurance company which were based substantially, though in part, upon statements made or information furnished by the defendant, except those portions containing mental impressions and personal evaluations of the reporting agent. In the event of failure by the parties to agree on a time and place that such inspection and copying should occur, the court hereby orders that it shall occur at the office of the defendant's attorney, at 9:30 A.M., on Monday, June 2, 1969.