George P. SHULTZ, Plaintiff,

v.

MIDTOWN SUPERMARKET, INC., Defendant.

George P. SHULTZ, Plaintiff,

v.

PAYLESS SUPERMARKET, INC., Defendant.

Civ. A. Nos. C 69–291, 290.

United States District Court, N. D. Ohio, E. D.

Sept. 24, 1969.

Theodore J. Pethia, Cleveland, Ohio, for plaintiff.

John A. Elden, Jr., Cleveland, Ohio, for defendants.

## MEMORANDUM

WILLIAM K. THOMAS, District Judge.

The Secretary of Labor brings companion suits for alleged violations of the Fair Labor Standards Act against Payless Supermarket, Inc. and Midtown Supermarket, Inc. in cases numbered C 69–290 and C 69–291, respectively. The Secretary charges that Payless since May 1966 has paid and is paying less than the lawful minimum wages, both regular and overtime; has failed and is failing to keep adequate records of employment, and for a specified period after 1966 has employed child labor. The Secretary charges Midtown with the same substantive offenses during approximately the same chronological period. In each complaint the Secretary provides a list of employees affected by the alleged violations but indicates that the list may not be all-inclusive.

Through their attorney, Payless and Midtown file a motion for production of documents and a motion for extension of time in which to answer until such time as documents are produced. Payless and Midtown seek a court order requiring the plaintiff to produce

[a]ll audits, records, computations, reports and all other records, documents and memoranda of every kind and description whatsoever setting forth or in any way evidencing the amount of minimum wages * * * allegedly unlawfully withheld * * *

as well as

[t]he names, addresses and occupations of each and every complaining and noncomplaining employee * * * who submitted information to the plaintiff * * * together with all written statements * * * signed by said complaining employees.

Defendants allege in essence that without the requested production of documents they are unable to formulate a defense because they have not been informed concerning any of the specific details of their alleged offenses. Therefore, rather than "clutter the file with motions to the complaint," defendants seek to obtain "reasonable notice" of the charges brought against them through a motion for production of documents.

Defendants emphasize that all documents requested are in the exclusive possession of the plaintiff.

Plaintiff opposes the motions primarily on the grounds that (1) the complaint provides sufficient notice under the federal rules and should, therefore, be answered; (2) good cause is not shown for production of documents, particularly because the government invokes the informer's privilege; and (3) the requested documents are protected from disclosure as attorney's work products.

■ Before a court may grant an order requiring production of documents under Rule 34, Fed.Rules Civ.Proc., the court must be satisfied not only as to the presence of relevancy and the absence of privilege, the normal requisites for discovery, but also as to the presence of good cause for the moving party's request. *See,* Guilford Nat. Bank v. Southern Ry., 297 F.2d 921 (4th Cir. 1962), cert. denied 375 U.S. 985, 84 S.Ct. 518, 11 L.Ed.2d 473 (1964).

■ Good cause cannot be clearly delineated and must, therefore, be considered in the context of each case. However, the Supreme Court recently discussed good cause in a Rule 35 context. The Court stated:

> The courts of appeals in other cases have also recognized that Rule 34's good cause requirement is not a mere formality, but is a plainly expressed limitation on that Rule.  *  *  *  Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 242, 13 L.Ed.2d 152 (1964).

To fulfill the requirement of good cause the Supreme Court evidently demands a showing of specific facts justifying a court order. The facts must evidence a higher degree of need than could justify most other forms of discovery. See *Guilford, supra.* In the cases under consideration the moving parties have failed to present an adequate showing of good cause. Although there is good authority for the proposition that the party seeking discovery of privileged matter must show a degree of need greater than that necessary for a finding of good cause, United States v. Proctor & Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), this court does not reach the question of privilege in this case. Defendants have failed to present good cause even in the absence of privilege. Defendants offer no specific reasons why the information sought in the plaintiff's documents is not otherwise available to defendants. In plaintiff's complaints defendants were given names of 40 employees who are alleged to have been injured by violations of the Fair Labor Standards Act. Defendants present no reason why discovery cannot be successfully directed towards the named employees. Nor do defendants indicate that other forms of discovery are inapplicable to the Secretary of Labor. The court is sympathetic with defendants' attempts to narrow the issues, but cannot ignore the required showing of good cause. Defendants' attempted showing amounts to no more than general and conclusory allegations of need; therefore, the motion for production of documents must be overruled.

■ Accordingly, defendants are directed to answer the complaint as pleaded. The court is of the opinion that the complaint provides reasonable notice of the offenses alleged and should, therefore, be answered.

This order and opinion is without prejudice to defendants' rights to properly invoke Rule 34 under different circumstances subsequent to filing an answer.