**CIRCUIT COURT OF THE CITY OF HOPEWELL**

Terry D. Massenburg

v.

Jean Hawkins

June 27, 2005

Case No. CL04-173

By Judge W. Allan Sharrett

The issue in this case is whether or not the work product doctrine, as defined in Virginia Supreme Court Rule 4:1(a)(3), precludes the Plaintiff in this personal injury action from obtaining written statements or transcriptions of interviews in the possession of Defendant's insurance company which were prepared prior to notification that the Plaintiff had retained counsel in the matter.

This suit stems from an automobile accident, which occurred between Plaintiff and Defendant. The police were not called to the scene. The parties dispute the date of the accident; Massenburg claims it occurred on January 30, 2004, while Hawkins alleges it took place on February 3, 2004. In either case, both parties agree that, within days of the accident, Massenburg called Hawkins and told her that he was unable to work. According to Hawkins, her insurer, Allstate, then took a recorded statement from her due to the suspicious circumstances of the accident, specifically the apparently minor nature of the accident, the failure of Massenburg to report his injury at the scene, Massenburg's failure to call the police at the scene, and his phone calls to Hawkins.

On February 23, 2004, Massenburg's attorney wrote to Allstate to advise the insurer of counsel's representation in the matter. Massenburg filed his Motion for Judgment on September 30, 2004, and on February 8, 2005, issued a subpoena duces tecum on Allstate, requesting production of "any oral

14

or written statements or transcriptions of any recorded interviews taken of any party or witnesses in this . . . case, prior to receiving a letter notifying Allstate that" Massenburg had retained counsel. Hawkins filed a Motion to Quash the subpoena duces tecum on the grounds that the request was improper because any written record of statements by Massenburg would constitute protected work product made in anticipation of litigation.

In Virginia, the work product doctrine is governed by Supreme Court Rule 4:1, which reads in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation . . . by or for [the] other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Rule 4:1(b)(3). Because the Virginia Rules governing discovery procedure are "substantially the same" as those in the Federal Rules of Civil Procedure, the Virginia Supreme Court gives consideration to federal cases in interpreting the Virginia Rules. See *Rakes v. Fulcher*, 210 Va. 542, 545, 172 S.E.2d 751, 755 (1970). The Federal Rule of Civil Procedure with language nearly identical to Virginia Rule 4:1(b)(3) is Federal Rule 26(b)(3).

Federal Rule 26(b)(3) essentially divides work product into two categories. The first category, which is an extension of the attorney-client privilege, absolutely protects from discovery any materials containing the impressions or legal theories of the attorney. The second category includes all other documents and tangible items prepared in anticipation of litigation. Such items can be obtained by the opposing party through discovery, but only upon showing of "substantial need" by the party seeking discovery. *National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983-84 (4th Cir. 1992). Because Massenburg is seeking to obtain any written statements or transcriptions of interviews made by Hawkins soon after the accident, only the

second category of work product is at issue here. Therefore, the question of whether Massenburg can obtain any such statements rests on whether such a statement was made in anticipation of litigation and whether Massenburg can show substantial need for the statement.

The parties have different interpretations of whether the recorded statements by Hawkins taken by Allstate were in anticipation of the present litigation. If the statements were not made in anticipation of litigation as the term is used in Rule 4:1(b)(3), then any recorded statements made by Hawkins would be subject to standard discovery procedures. The Fourth Circuit has stated: "Yet, the `mere fact that litigation does eventually ensue does not, by itself, cloak materials' with work product immunity. . . . The document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation. Thus, we have held that materials prepared in the ordinary course of business . . . are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3)." *Id.* at 94 (quoting *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983)) (internal citations omitted). Hawkins contends, quite reasonably, that the phone call from Massenburg stating an inability to work was enough to make the statement to Allstate in anticipation of litigation, and the Allstate employee who took the recorded statement of Hawkins provided a sworn affidavit that the statement was in anticipation of litigation.

Massenburg cites *McDougall v. Dunn*, 468 F.2d 468 (1972), for its contention that "*any* report or statement made by or to a party's agent . . . which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business" and thus outside the work product doctrine. *Id.* at 273 (quoting *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 372 (N.D. Ill. 1972)). The Circuit Court of Fairfax County has stated that "the majority of Virginia circuits endorse the *Thomas Organ* rule." *Lopez v. Woolever*, 62 Va. Cir. 198, 201 (1993) (citations omitted). The facts in this case make it clear that the recorded statement in issue was neither requested by, nor prepared for, an attorney, and does not otherwise reflect the employment of an attorney's legal expertise. Further, consideration of whether Massenburg has substantial need for the statement leads to the opinion that the statement should be discoverable.

"Where both parties have an equal opportunity to investigate, and where all the witnesses to the accident are known and available to both sides, discovery should not be granted." *Rakes*, 210 Va. at 547, 172 S.E.2d at 756.

16

Federal courts have recognized the value of the statements of a party or witness made a short time after an event at issue in litigation. Courts are unanimous in finding that a contemporaneous statement provides good cause for allowing discovery. *Guilford Nat'l Bank v. Southern Ry.*, 297 F.2d 921, 926 (4th Cir. 1962). This value is particularly evident in cases where the "witnesses' statements [are] approximately contemporaneous with the accident . . . [and] opposing counsel had no opportunity to question the witnesses until weeks or months later." *Id*. In proceeding, and in her deposition, Hawkins made statements suggesting that she regrets her inability to remember details about the accident. The fact that Hawkins' memory is at issue and that Hawkins' contemporaneous statements regarding the accident are not available to both parties leads the Court to conclude that Massenburg has shown substantial need for the documents.

Thus, Massenburg is entitled to discover Hawkins' recorded statements in the possession of Allstate, and, therefore, the Motion to Quash should be denied.