**K. C. WILLIAMS, Plaintiff,**

v.

**NORTHERN PACIFIC RAILWAY COMPANY, a Wisconsin corporation, Defendant.**

**Civ. No. 329.**

United States District Court
D. Montana,
Billings Division.

Feb. 23, 1962.

Daryl E. Engebregson, Laurel, Mont., for plaintiff.

Lamey, Crowley, Kilbourne, Haughey & Hanson, Billings, Mont., for defendant.

JAMESON, District Judge.

Plaintiff instituted this action on June 15, 1961, to recover damages for personal injuries alleged to have been sustained on September 17, 1958, while plaintiff was employed by defendant in switching operations in defendant's yard at Laurel, Montana. Plaintiff has filed a motion, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to require defendant to produce for inspection and copy written statements taken by defendant's claim agent from four members of the switching crew who were working with plaintiff at the time of the alleged accident. Defendant resists the motion on the ground that plaintiff has failed to show "good cause", as required by Rule 34.

It was determined at the hearing on plaintiff's motion that the statements were taken after suit was instituted on June 15, 1961; that all of the witnesses are readily available and reside at Laurel, Montana, where plaintiff and his counsel also reside; that plaintiff's counsel has not attempted to interview the witnesses; that it has been the policy of the defendant in some cases to advise its employees not to discuss the case with representatives of adverse parties, but that defendant in this case had no objection to plaintiff's counsel interviewing and obtaining statements from the witnesses, and that the witnesses would be so advised.

The question of what constitutes good cause for the production of statements of witnesses has been considered in many cases, and there is a sharp conflict in the authorities, as disclosed by memoranda submitted by counsel in this case. Many district courts have adopted a liberal construction which in effect equates "good cause" with relevancy and materiality. This viewpoint was set forth in Guilford Nat. Bank of Greensboro v. Southern Ry. Co., M.D.N.Car.1960, 24 F.R.D. 493, with a citation of many supporting cases.

In reversing, the Court of Appeals of the Fourth Circuit rejected this interpretation of Rule 34 in an opinion handed down on January 4, 1962, 297 F.2d 921, 30 L.W. 2362, in which the court said in part:

"We are not unmindful that one important purpose of discovery is to disclose all relevant and material evidence before trial in order that the trial may be an effective method for arriving at the truth and not 'a battle of wits between counsel.' Hickman v. Taylor, 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) (Jackson, J., concurring); see Frost, The Ascertainment of Truth by Discovery, 28 F.R.D. 89 (1961). Doubtless, written statements of witnesses, if placed in the hands of opposing counsel, could aid him in preparing his case because this would give him a specific indication of the forthcoming testimony and a basis for impeachment if a witness departed from his prior statements. There is also the possibility that counsel would gain information opening up new areas for investigation before trial. However, these considerations must have been before the Advisory Committee that drew up the Rules and the Supreme Court when it adopted them. It is noteworthy that, while the Advisory Committee in 1955 urged deletion of the good cause requirement, the Supreme Court did not act on the recommendation. See Developments in the Law—Discovery, 74 Harv. L.Rev. 940, 965–67 (1961)."

The courts of appeal in general have applied a stricter requirement of "good cause" than many of the district courts.[1] In Hauger v. Chicago, Rock Island & Pacific Railroad Co., 7 Cir., 1954, 216 F.2d 501, an employee of the railroad company brought an action for personal

---

1. See Alltmont v. United States, 3 Cir. 1949, 177 F.2d 971, cert. denied 339 U.S. 967. 70 S.Ct. 999, 94 L.Ed. 1375; Safe-

way Stores v. Reynolds, 1949, 85 U.S. App.D.C. 194, 176 F.2d 476.

injuries received in defendant's freight yard. Plaintiff filed a motion under Rule 34 demanding the production of "all statements * * * given in the presence of a shorthand reporter" by a number of named individuals. The court held that good cause had not been shown for the production of the statements and reversed the order of the trial court adjudging defendants guilty of criminal contempt, saying in part:

"The burden was upon plaintiff to demonstrate to the court from the facts appearing in the record that good cause existed, as required by Rule 34 for the production of said statements by Rock Island.

* * * * * *

"A court is not justified in ordering production of documents simply on the theory that the facts sought are material and are not privileged. Hickman v. Taylor * * *. Production of documents will not be ordered merely to help counsel to prepare himself to examine witnesses and to make sure he has overlooked nothing. Hickman v. Taylor. * * * These statements were obtained by Rock Island in order to permit its attorneys to prepare its defense." (216 F.2d at 504–506.)

" * * * in the case at bar the injured person is living, and is a railroad man by occupation, and plaintiff's attorney may consult personally with him as to the general railroad operations involved in this case. There is no contention that, as a practical matter, plaintiff's attorney would find it virtually impossible to make any independent investigation of the cause of the accident * * *." (216 F.2d at 508.)

It must be determined in each case whether there are "special circumstances" which constitute good cause for the production of statements. Ordinarily where the witnesses are readily available for interrogation and examination, production under Rule 34 is not allowed. Where, however, the witnesses cannot be located or are widely scattered, resulting in undue difficulty, delay and expense in arranging for interviews,[2] or where the witnesses refuse to make any statements, production may properly be required. While there is authority to the contrary,[3] less showing of good cause should be required where a party is seeking discovery of his own statement, given to the adverse party or his agent.[4]

Many cases which recognize the rule that there must be special circumstances showing good cause have held that where statements are taken at or about the time the accident occurred, "the statements are unique in that they constitute the immediate impression of the fact".[5] If one party obtains statements of witnesses at the time of the

2. See, for example, United Air Lines, Inc. v. United States, D.Del.1960, 186 F.Supp. 828, where statements of upwards of 49 witnesses scattered over the United States had been taken by the Aircraft Investigation and Collateral Boards, and the court held that plaintiff had sustained its burden to establish "good cause".

3. See Safeway v. Reynolds, supra.

4. See 4 Moore's Federal Practice 2452, § 34.08; New York Central Railroad Company v. Carr, 4 Cir. 1957, 251 F.2d 433.

5. Brown v. New York, New Haven & Hartford R. Co., S.D.N.Y.1955, 17 F.R.D. 324, where the court said further:

"Moreover, as in the instant situation, defendant's employees, who took the statements, were on hand at the time of the happening, and controlled the circumstances surrounding the taking of the statements. In this instance, there can be no duplication by a deposition that relies upon memory, and an allegation of these facts, uncontroverted, is a sufficient showing of good cause." See also Reynolds v. United States, 3 Cir. 1951, 192 F.2d 987, 991–992 (reversed on other grounds 345 U.S. 1, 73 S.Ct. 528, 97 L. Ed. 727; People of the State of California v. United States, N.D.Cal.1961, 27 F.R.D. 261.

occurrence of an accident and the other party is unable to do so, this may constitute sufficient showing of "good cause" for the production of the statements, depending of course upon the circumstances of the particular case.[6] Here, however, the statements were obtained after suit was instituted and almost three years after the accident.

By agreement of counsel, final ruling on plaintiff's motion is deferred until it is determined whether plaintiff's counsel may make satisfactory arrangements to interview the witnesses.

6. This rule was recognized in Guilford Nat. Bank v. Southern Ry. Co., supra, but held inapplicable even though the defendant had started taking statements one day after the accident, since the plaintiff also began interviewing witnesses six days after the accident.