Ronnie FULTON, through his Guardian ad Litem, Linnie O'Connor, Plaintiff,

v.

Grover SWIFT, doing business as Crow Rock Ranch, Defendant.

Civ. No. 610.

United States District Court
D. Montana,
Billings Division.

Nov. 14, 1967.

Poore, McKenzie, Roth & Robischon, Butte, Mont., for plaintiff.

Crowley, Kilbournse, Haughey, Hanson & Gallagher, Billings, Mont., for defendant.

ORDER AND MEMORANDUM OPINION

JAMESON, Chief Judge.

Plaintiff seeks production of a statement taken from Donald McGee on behalf of the defendant. McGee was a witness to the accident on August 7, 1965, which is the subject of this action. His statement was taken on September 9, 1965.

Plaintiff retained counsel in January 1966. This action was commenced in state court (Custer County) in April, 1966, and removed by the defendant to this court. Plaintiff's initial motion for production of documents was filed November 1, 1966.

The affidavit of plaintiff's counsel in support of the motion for production recites that the accident occurred near Miles City, Montana; that the witnesses, including McGee, live at great distance from Butte, Montana, where plaintiff's counsel resides, and that plaintiff did not have the funds to pay counsel's

expenses to interview the witnesses.[1] It would seem that arrangements might have been made to associate counsel in Miles City for the purpose of interviewing the witnesses and obtaining their statements. In any event, there is no showing (1) that any effort was made to interview any of the witnesses prior to November 1, 1966, or (2) that the witness McGee was not available for interview or examination, or that he refused to give a statement.

Through inadvertence, and acting in good faith, counsel for defendant advised counsel for plaintiff through answer to interrogatories that no recorded or written statement had been taken from the witness McGee. McGee's deposition was taken by plaintiff on January 27, 1967. In the course of that deposition McGee testified that a statement had been taken by an insurance adjustor on a recording machine. Counsel for defendant stated that he was not aware that any statement had been taken.

Counsel for plaintiff did not ask the witness whether his testimony in the deposition was in accord with his recorded statement. The witness of course had no opportunity to review his statement in preparation for the deposition or to explain any discrepancies.

Counsel for defendant obtained the statement on April 18, 1967. Plaintiff has renewed his motion for the production of this document.

It is of course true, as defendant argues, that defendant's counsel did not have the benefit of McGee's recorded statement in preparation for the deposition and therefore had no advantage over the plaintiff in the taking of McGee's testimony. Counsel's brief then contains this statement:

"After the McGee testimony was recorded the statement was then found and there were some differences between the testimony at the deposition and the information in the statement. The statement has been submitted to the court for comparison by it with the deposition with counsel's understanding that it will not be submitted to the plaintiff unless the court concludes that it is a proper subject for production."

Counsel for plaintiff argue that inasmuch as it is now admitted that there are discrepancies in the recorded statement and deposition, this in itself constitutes good cause for production.

As this court pointed out in Williams v. Northern Pacific Railway Company, 1962, 30 F.R.D. 26, there is a sharp conflict in the authorities as to what constitutes good cause for the production of documents. That opinion quoted with approval from Guilford Nat. Bank of Greensboro v. Southern Ry. Co., 4 Cir. 1962, 297 F.2d 921, a case decided shortly before the Williams opinion and cited in many subsequent cases. As the court said further in Williams, "It must be determined in each case whether there are 'special circumstances' which constitute good cause for the production of statements."

There is some conflict in the authorities as to whether documents should be produced merely for the purpose of impeachment. Barron and Holtzoff state that, "There is some authority that documents will not be produced merely to impeach a party or to show that his testimony on deposition was false; though as a general principle this seems unsound it will be difficult in practice to demonstrate that the documents will be impeaching before the moving party has seen them." In support of their conclusion that denying production for impeachment purposes seems unsound, Barron and Holtzoff rely upon the following

---

1. It does not appear that difficulty in interviewing witnesses by reason of the fact that the counsel hired by plaintiff reside at considerable distance from the place of accident would in itself constitute good cause for the production.

statement in Hickman v. Taylor, 1947, 329 U.S. 495, 511, 67 S.Ct. 385, 394, 91 L.Ed. 451:

> "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of these facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents * * * might be useful for purposes of impeachment or corroboration." (2A Barron and Holtzoff, 428, 430, § 796).[2]

■ Neither the fact that a statement might aid in cross-examination nor mere surmise that it is inconsistent with a subsequent deposition is sufficient to show good cause for production. Hauger v. Chicago, Rock Island & Pacific Railroad Co., 7 Cir., 1954, 216 F.2d 501, 505.[3] We have here a unique situation, in that counsel for defendant has frankly admitted that there are some differences between the statement and the deposition.

Neither party has cited any case precisely in point factually. Most nearly in point is Goosman v. A. Duie Pyle, Inc., 4 Cir. 1963, 320 F.2d 45, 51. In that case a witness refused "at the direction of defense counsel, to state whether or not the prior written statements of facts agreed with the facts stated in his deposition. The exchange on that occasion gave Goosman's (plaintiff's) counsel ample reason to suspect that the written reports were not consistent with Anderson's later description of the collision". The court pointed out that, "[c]ounsel for defendants knew the contents of the written reports and instructed Anderson not to answer". Adhering to its prior rule in the Guilford case, supra, the court distinguished the two cases factually and held that the district court had abused its

discretion in denying production and remanded for the production of the statement to determine whether "any significant discrepancies exist which would warrant a new trial".

Goosman was followed in a well-considered opinion in McDonald v. Prowdley, W.D.Mich., 1965, 38 F.R.D. 1, 3. In that case the witness *could* not say whether there was a conflict between his statement and deposition. In ordering production of the statement, the court said:

> "In the Goosman case the witness *would* not say whether or not the prior statement conflicted with deposition testimony. A *fortiori*, in the instant case, the statement of Robert Wayne Prowdley will be ordered produced, since he *could* not state whether or not there was a conflict, because he could not remember significant details of the accident. Production is necessary then, not only to discover what details, if any, he did know of the accident, but also for impeachment purposes should he recall what happened some time before trial commences."

The court denied production of the statement of another witness, whose deposition had not been taken, saying:

> "Since the deposition of Barbara Landis has not been taken, there is no showing of a possible inconsistency in her testimony, and this court is of the opinion that discovery of her statement for impeachment purposes, when nothing now exists to be impeached, would be too great an extension of the 'good cause' requirement, under the facts of this case."

■ The court does not feel that it has sufficient knowledge of the facts in this case to determine whether the

---

2. Moore also points out that the Supreme Court has recognized that statements of witnesses may under certain circumstances "be useful for purposes of impeachment or corroboration", citing Hickman v. Taylor and other cases. 4

Moore's Federal Practice 1418, § 26.23 (8–2).

3. See also Wharton v. Lybrand, Ross Bros. & Montgomery, E.D. New York, 1966, 41 F.R.D. 177 and cases there cited.

discrepancies between McGee's statement and deposition are of such a nature as to affect the question of liability. Accordingly it is concluded (1) that while the initial motion did not make a sufficient showing of good cause for production of the McGee statement; (2) in view of the admitted discrepancies between the statement and deposition, production should now be ordered.

Accordingly it is ordered that the statement of the witness Donald McGee be produced pursuant to the provisions of Rule 34 F.R.Civ.P.