Richard D. ARNEY, Plaintiff,

v.

GEO. A. HORMEL & CO. et al., Defendants.

No. 3–71–Civ–168.

United States District Court,
D. Minnesota,
Third Division.

Sept. 27, 1971.

Oppenheimer, Brown, Wolff, Leach & Foster, Michael Berens, St. Paul, Minn., for plaintiff.

Dorsey, Marquart, Windhorst, West & Halladay, Peter Dorsey, Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This matter is before the court on plaintiff's motion under Rule 37(a) of the Federal Rules of Civil Procedure for an order requiring defendants to produce and permit plaintiff to inspect and copy thirty-two identified documents. The main action is one brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. Jurisdiction rests on 28 U.S.C. § 1332.

Plaintiff is seeking judgment declaring he is entitled to certain benefits under defendant Hormel's Exempt Employees' Pension Plan notwithstanding a purported forfeiture of these benefits. Plaintiff was employed by Hormel from 1936 until June 9, 1969, when his employment terminated pursuant to notice of termination he gave on or about May 24, 1969. At the time of this termination, plaintiff held the position of Executive Vice-President of Hormel and Company.

Hormel adopted its pension plan and an associated trust agreement on October 3, 1957. The trustee was and continues to be defendant First National Bank of Minneapolis. Section 10 of the plan as amended on October 18, 1965, provides in substance that certain participants after attaining forty-five years of age, with not less than fifteen years of seniority will have a vested right to accrued benefits on subsequent termination of employment. By an earlier amendment adopted August 18, 1958, Section 5.6 had been added to the plan. This section, which is the section in controversy, provides for cancellation of a "retired participant's" pension rights in the event the participant engages in certain competitive practices with Hormel. It is the construction of the term "retired participant" that is the basis of this suit.

■ Plaintiff has served a request for inspection of certain documents on defendant. Defendant claims that the documents requested are either protected by the attorney-client privilege or fall within the qualified immunity from discovery provided work product material by Rule 26(b) (3).[1]

The items in question consist of letters and documents transmitted between executives of Hormel and the law firm of Dorsey, Marquart, Windhorst, West & Halladay, legal opinions or memoranda from one member of the Dorsey firm to another, and memoranda sent from one company executive to another detailing legal advice received from members of the Dorsey firm. No fees have been charged to the trust funds for legal services rendered by the Dorsey firm.

Of the documents in question, twenty-seven are dated after May 24, 1969, the date on or about which plaintiff gave Hormel his notice of intent to terminate employment. The remaining five documents are dated during the period August 1958 to August 1966.

---

1. In diversity cases it seems clear that state law determines the existence and scope of a claimed privilege. Republic Gear Co. v. Borg-Warner Corp., 381 F. 2d 551 (2d Cir. 1967). M.S.A. § 595.-02(2) provides "An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him or his advice given thereon in the course of professional duty; nor can any employee of such attorney be examined as to such communication or advice, without the client's consent;" The protection of Rule 26(b) (3) has been described as "qualified immunity". See Wright & Miller, Federal Practice and Procedure: Civil § 2025.

As to documents dated subsequent to August, 1969, it seems that plaintiff has not made sufficient showing to overcome the qualified immunity from discovery granted to materials prepared in anticipation of litigation. Although suit was not filed in this case until July 1971, it would appear that any documents prepared after plaintiff served his notice of intent to terminate employment which pertain to interpretation of the provisions in question or facts and legal strategy regarding the dispute with plaintiff are covered by the trial preparation and anticipation of litigation provision. Generally the test whether the work product immunity applies is not whether the litigation has begun but whether the documents may be said to have been prepared or obtained in anticipation of litigation. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946); Stix Products, Inc. v. United Merchants & Manufacturers, Inc., 47 F.R.D. 334 (S.D.N.Y.1969); Ownby v. United States, 293 F.Supp. 989 (W.D. Okl.1968); Kelleher v. United States, 88 F.Supp. 139 (S.D.N.Y.1950). But the work product protection is not absolute and a document protected under it may be discovered. " * * * upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b) (3). The discovery of work product material therefore may be denied if the party seeking discovery is able to obtain the information desired by other methods of discovery such as by taking the deposition of witnesses, Williams v. Northern Pacific Ry. Co., 30 F.R.D. 26 (D.Mont.1962); Wilson v. David, 21 F.R.D. 217 (W.D.Mich.1957), and the costs or inconvenience of taking the deposition is not in itself sufficient showing to meet the "undue hardship" requirements of the rule. Berger v. Central Vermont Ry., 8 F.R.D. 419 (D. Mass.1948).[2]

Here the information plaintiff seeks might be obtained by other discovery methods. Plaintiff has not as yet taken the deposition of any of the officers of defendant Hormel. Thus as to the documents falling within the work products immunity, plaintiff's request for production is premature and not based on facts sufficient to overcome the qualified immunity provided by Rule 26(b) (3).

The documents preceding plaintiff's termination of employment clearly fall outside the work product immunity. But defendant claims that these are protected by the attorney-client privilege. The documents consist of three letters from members of the Dorsey firm to the Director, Risk Management & Employees Benefits of Hormel, and two letters from this officer to members of the Dorsey firm.

It is plaintiff's contention that the doctrine of attorney-client privilege is not relevant and cannot be raised to prevent discovery of these letters. Plaintiff argues that a beneficiary of a trust is entitled to information concerning the administration and interpretation of his trust and touching upon his rights and entitlements. Although plaintiff cites no Minnesota case in support of this position, by citing to leading treatises on trusts and English cases, he seeks to bring these documents within this exception to the privilege asserted.[3] Plaintiff's arguments are not persuasive.

2. Although these cases were decided under the rules as constituted prior to the 1970 amendments, the Advisory Committee's Notes to Rule 26 affirms that "These changes conform to the holdings of the cases, when viewed in light of their facts." 48 F.R.D. 487, 500 (1970).

3. *See, e. g.,* 2 Scott on Trusts 1406 (3d ed. 1967); Bogert, Trusts and Trustees, § 961 (2d ed. 1955); Talbot v. Marshfield, 3 All E.R. 572 (1964); Hawsley v. May, 3 All E.R. 353 (1955).

The cases cited and the treatises relied upon deal with opinions rendered to guide trustees in the administration of the trust and involve situations where the expense incurred in obtaining the opinions was payable directly out of the trust estate. Here the opinions are not directed to the trustee but to the settlor who is asserting the privilege. In no instance were the expenses of obtaining the opinions paid by anyone other than the settlor. The documents in question seem to fall squarely within the scope of the attorney-client privilege as delineated in Brown v. St. Paul City Ry. Co., 241 Minn. 15, 62 N.W.2d 688 (1954), and Schmitt v. Emery, 211 Minn. 547, 2 N.W.2d 413 (1942). In addition the only case available which is analogous to the instant situation supports the above conclusion. In re Prudence-Bonds Corp., 76 F.Supp. 643 (E.D.N.Y.1948).

Plaintiff's motion to compel inspection of the documents in question is denied.