UNITED STATES of America, Plaintiff,

v.

CHATHAM CITY CORPORATION and Sylvan M. Byck, Jr., d/b/a Garden City Mobile Estates, Defendants.

No. CV476–183.

United States District Court,
S. D. Georgia,
Savannah Division.

Dec. 6, 1976.

Gwynneth Moolenaar, Charles D. Bennett, Jr., Ira Pollack, Attys., Housing Section, Civil Rights Div., Dept. of Justice, Washington, D.C., for plaintiff.

Griffin B. Bell, Jr., Lee & Clark, Savannah, Ga., for defendants.

## ORDER ON DEFENDANTS' MOTIONS

LAWRENCE, District Judge.

This action was brought by the Attorney General on behalf of the United States pursuant to Title VIII of the Civil Rights Act of 1968 as amended, 42 U.S.C. § 3601 *et seq.* (The Fair Housing Act of 1968). The complaint alleges that the defendants have maintained a policy and practice of discrimination on the basis of race and color in the operation of the Chatham City Apartments. Injunctive relief is prayed by plaintiff.

The defendants filed a motion to dismiss upon various grounds and a motion for a more definite statement, contending that the complaint is "conclusory" and "fails to set forth the facts".

On September 23, 1976 defendants filed a motion pursuant to Rule 26(b)(1), F.R. Civ.P., requesting plaintiff to produce for inspection of copying the following:

"Memoranda, reports, letters or any other documents prepared by the Federal Bureau of Investigation and submitted to Plaintiff or its agents concerning Defendants and the subject matter of this action."

"All reports, memoranda, reports or other documents prepared by Gwynneth Moolenaar and any other agents of the Justice Department in their capacity as investigators concerning Defendants and the subject matter of this action."

On October 18th defendants filed a motion to compel plaintiff to produce the documents in question. Attached to the motion is an affidavit by the defendant Byck in which he deposes that plaintiff had refused to produce any investigative reports or other documents on the ground that they were the "work product" of its attorney. The affidavit states that affiant is unaware of the names or whereabouts of tenants who were interviewed by the Federal Bureau of Investigation and that it would be an undue hardship in preparing for trial if he did not have access to inspection of such reports for which such defendant has a substantial need. He alludes to the high turn-over rate of occupancy and inaccessibility to defendants of the tenants and persons interviewed.

A hearing before this Court was held on the defendants' motions on November 9th. The motions to dismiss and for a more definite statement were overruled. In a bench decision this Court overruled the Government's objection to disclosure of the F.B.I. interviews with various tenants. However, it sustained plaintiff's objection

as related to productability of the statements taken by its attorney, Mrs. Moolenaar, during the course of investigation of the Civil Rights case.[1] I asked counsel for defendants to prepare an order to that effect. This was done. I did not sign it. A copy was directed to be furnished to plaintiff's counsel. No order has been entered as to that issue. The Government has moved for a reconsideration of the Court's oral ruling and has filed an accompanying brief on the issue of discoverability of the statements and reports obtained by plaintiff during the investigation.

Upon reflection and further consideration, I reach the conclusion that I ruled too precipitately as to the discoverability of the records of interviews by special agents of the F.B.I. in the course of investigating a claim or charge of racial discrimination by the defendants.

In 1970 Rule 26 of F.R.Civ.P. was amended in important respects. Under 26(b)(3), a party in order to discover trial preparation materials of the other party must show a substantial need therefor in preparation of his case and inability without undue hardship to obtain the equivalent of the material by other means. The party from whom disclosure is sought includes his attorney or agent. However, even where such a showing is made, the party called on to produce the material sought is protected against disclosure of mental impressions, conclusions, opinions or legal theories of his attorney or other representative concerning the litigation. As amended, the Rule states:

"(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

In Wright and Miller, 8 *Federal Practice and Procedure* § 2024, p. 204ff, the authors thus comment on the changes effected in the "work product" rule: "Prior to the 1970 amendment some cases held that statements obtained by claim agents and investigators had the same protection given to attorneys. Other cases thought that the work product rule was based on the unique place of the attorney in the adversary system and refused to extend the protection to these nonlawyers. But if statements of witnesses are to be protected from discovery at all, the protection should not depend on who obtained the statement. Accordingly, the 1970 amendment expressly extends protection to documents prepared by or for a representative of a party, including his agent."[2]

 The technical distinction between materials prepared by the attorney and those obtained by a claim agent or other representative of the party from whom discovery is sought has been eliminated. 4 *Moore's Federal Practice* § 26.64(3), p. 26–

---

1. I made clear that mental impressions of the party or its attorneys were not disclosable. See *Hickman v. Taylor,* 329 U.S. 495, 510–511, 67 S.Ct. 385, 91 L.Ed. 451; *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141. These could be winnowed, I suggested, by an *in camera* examination by the Court.

2. Pre-1970 decisions which accorded privileged status to the work product of special agents of the F.B.I. include *Alltmont v. United States,* 177 F.2d 971, 976 (3rd Cir.), cert. den. 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375; *United States v. American Optical Co.,* 37 F.R.D. 233, 237–38 (E.D., Wis.); *United States v. Aluminum Company of America,* 34 F.R.D. 241, 243 (E.D., Mo.); *United States v. Kelsey-Hayes Wheel Co.,* 15 F.R.D. 461, 463–64 (E.D., Mich.).

416; Wright, *Law of Federal Courts* (1976), § 82, p. 408. It is necessary that the work product doctrine, in civil as well as criminal cases, "protect material prepared by agents for the attorney as well as those prepared by the attorney himself". *United States v. Nobles, supra,* 422 U.S. 236, 238–39, 95 S.Ct. at 2170.

Rule 26(b)(3) creates a qualified immunity for work product documents prepared in anticipation of litigation. It extends to statements of witnesses. *Hamilton v. Canal Barge Company, Inc.,* D.C.La., 395 F.Supp. 975, 976; *Xerox Corporation v. International Business Machines Corporation,* 64 F.R.D. 367 (S.D., N.Y.). But statements are discoverable only if the moving party has a substantial need therefor and the equivalent is not available to him by other means except through undue hardship.[3]

According to the Advisory Committee Note, "[T]he requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side."[4] No longer does a diligent litigant have to invite his adversary to a feast where the fruits of his labors are freely served.

■ In the instant case the investigative reports of the F.B.I., the notes of interviews by its special agents and the statements obtained by plaintiff's attorney constitute materials prepared in anticipation of litigation. As such, they are not subject to disclosure without a showing by movants of "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means".

■ The Fourth Circuit has held that under Rule 34 (as it formerly read) the fact that written statements of prospective witnesses are relevant and would aid a party in preparing his case for trial does not amount to "good cause" for production thereof. See *Guilford National Bank of Greensboro v. Southern Railway Company,* 297 F.2d 921. "[C]ounsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not . . . special circumstances since they are present in every case." *Alltmont v. United States, supra,* 3 Cir., 177 F.2d 978. The surmise or possibility that impeaching material in the statements of the witnesses might be found does not justify a court to order inspection thereof. *Hauger v. Chicago, Rock Island, & Pacific Railroad Company,* 216 F.2d 501 (7th Cir.); *J. H. Rutter Rex Manufacturing Co., Inc. v. N.L.R.B.,* 473 F.2d 223, 234–35 (5th Cir.); *Dingler v. Halcyon Lijn N.V.,* 50 F.R.D. 211, 212 (E.D., Pa.).

"The discovery of work product material . . . may be denied if the party seeking discovery is able to obtain the information desired by other methods of discovery such as by taking the deposition of witnesses." *Arney v. George A. Hormel & Co.,* 53 F.R.D. 179, 181 (D. Minn.). In *Howard v. Seaboard Coastline Railroad Company,* 60 F.R.D. 638 (N.D., Ga.) the District Court in denying discovery of witnesses' statements said that they were "as accessible to the plaintiffs as they are to the defendant for

---

**3.** However, even though there is such a showing by movant as to need, the impressions, opinions and conclusions of the attorneys or representatives of a party are not disclosable. Under Rule 26, these "shall" be protected by the court. *Duplan Corporation v. Moulinage at Retorderie de Chavanoz,* 509 F.2d 730 (4th Cir.), cert. den. 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680. This protection is absolute.

Wright, *Law of Federal Courts* (1976), § 82, p. 411.

**4.** "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." Jackson, J., concurring in *Hickman v. Taylor,* 329 U.S. 495, 516, 67 S.Ct. 385, 396, 91 L.Ed. 451.

the purposes of deposition or for securing statements. . . . Absent a showing of some effort on their part, other than the filing of a brief motion to produce, the court is of the opinion that the plaintiffs may not benefit at this point from the investigatory efforts of the defendant." The District Judge concluded that "the plaintiffs/movants have failed to carry their burden of establishing their inability to obtain a substantial equivalent of the data sought by alternative means".

■ A district court is vested with wide discretion in determining whether the circumstances justify the production of work product materials for inspection. *Southern Railway Company v. Lanham,* 403 F.2d 119, 126 (5th Cir.); *Simons-Eastern Company v. United States,* 55 F.R.D. 88 (N.D., Ga.). In some cases and under special circumstances the production of statements taken by the other party in anticipation of litigation has been ordered. See, for example, *Southern Railway Company v. Lanham, supra,* at 119; *Teribery v. Norfolk & Western Railway Company,* 68 F.R.D. 46, 48 (W.D., Pa.). But this is not such a case.

■ The motion for production and inspection in this case represents a massive foray by defendants into the protected area of the plaintiff's trial preparation. Incursion of this type into another's work product has been discountenanced by the Fifth Circuit in *J. H. Rutter Rex Manufacturing Co., Inc. v. N.L.R.B., supra,* 473 F.2d 232.

Defendants have shown a general, not a particularized, need for the materials they seek. The claim of necessity for the intrusion into the investigative file appears to be little more substantial than a desire to learn what kind of a case the Government has. Other means are available here for accomplishing that purpose. Rule 26 is the wrong road.

■ By interrogatory to the plaintiff defendants are entitled as a matter of right under the amended Rule to ascertain the names and addresses of persons having knowledge of the subject matter. *Edgar v. Finley,* 312 F.2d 533 (8th Cir.); *Brennan v.*

*Engineered Products, Inc.,* 506 F.2d 299 (8th Cir.); *Bell v. Swift & Co.,* 283 F.2d 407 (5th Cir.). As previously pointed out, discovery of work product material will be denied if the information desired can be obtained by deposition. See Wright and Miller, 8 *Federal Practice and Procedure* § 2025, p. 215 and note 72; Wright, *Law of Federal Courts* (1976), § 82, pp. 409–10. A substantial equivalent of the witnesses' statements can be obtained by personal interview, by deposition or by written interrogatories. The cost or inconvenience of taking depositions "is not in itself sufficient showing to meet the 'undue hardship' requirements of the rule". *Arney v. George A. Hormel & Co., supra,* 53 F.R.D. 181; Wright and Miller, 8 *Federal Practice and Procedure* § 2025, notes 73 and 74.

### ORDER

Plaintiff's motion for reconsideration of this Court's oral order of November 9, 1976 requiring production of certain work product material of the F.B.I. is granted. Judgment will be entered thereon consonant with this Opinion.

Defendants' request for reconsideration of the Court's oral decision overruling their motion for a more definite statement is denied.