UNITED STATES of America, Plaintiff-Appellant,

v.

RENT–A–HOMES SYSTEMS OF ILLINOIS, INC., et al., Defendants-Appellees.

No. 79–1100.

United States Court of Appeals, Seventh Circuit.

Argued May 29, 1979.

Decided Aug. 6, 1979.

---

Walter W. Barnett, Civ. Rights Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Jack A. Strellis, Koebel, Strellis & Merkel, Waterloo, Ill., for defendants-appellees.

Before SPRECHER, Circuit Judge, GEWIN, Senior Circuit Judge,* and TONE, Circuit Judge.

* Walter P. Gewin, Senior Circuit Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.

1. 42 U.S.C. § 3613 provides:
   Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general

SPRECHER, Circuit Judge.

The issue is whether a district court, in a suit brought under 42 U.S.C. § 3613 by the Attorney General to enforce the Fair Housing Act, may award compensatory monetary damages for the victims of illegal discrimination.

## I

The United States, by the Attorney General, brought this action to enjoin racially discriminatory housing practices prohibited by Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601–§ 3619, known as the Fair Housing Act. Jurisdiction was based on 28 U.S.C. § 1345 and 42 U.S.C. § 3613.[1]

The complaint sought an order enjoining future discrimination, requiring affirmative relief and "for such additional relief as justice may require." Following a pre-trial conference, the United States filed an amended complaint which essentially did no more than add the following:

Such affirmative steps shall include, where appropriate, monetary compensation for any loss or damage suffered by any person as a result of the defendants' discriminatory conduct.

The individual defendants moved to strike the part of the complaint seeking monetary compensation. That issue was submitted to a United States magistrate who recommended striking the portions of the complaint seeking compensatory damages. The government objected, so the district made a de novo determination of the issue.

In its order of March 31, 1978, the district court denied defendants' motion to strike "insofar as . . . [it] precludes the

public importance, he may bring a civil action in any appropriate United States district court by filing with it a complaint setting forth the facts and requesting such preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for such pattern or practice or denial of rights, as he deems necessary to insure the full enjoyment of the rights granted by this subchapter.

plaintiff from recovering monetary damages of an equitable nature and allowed insofar as it precludes the plaintiff from recovering damages of a legal nature." The court certified the issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) but this court denied the petition for permission to appeal on June 28, 1978, saying:

> One of the criteria which must be satisfied before an interlocutory appeal will be permitted under 28 U.S.C. § 1292(b) is that an immediate appeal may materially advance the ultimate termination of the litigation. In this case, where no violation of the Fair Housing Act of 1968 (42 U.S.C. § 3604) has been established in the district court, it seems that any question of the propriety of compensatory damages is premature for this court's consideration. Indeed, should plaintiff fail to prove its case below, the question certified to this court will never be reached. *See United States v. Long*, 537 F.2d 1151 (4th Cir. 1975).

The district court also had relied exclusively on the *Long* case.

Subsequently the United States advised the district court that the corporate defendant was no longer in business and that none of the other defendants was presently engaged in the type of activity which formed the basis for the complaint. Because of these factual developments, the United States no longer sought equitable relief but only sought monetary damages for victims of the alleged discriminatory housing practices of the defendants. Inasmuch as the court had already passed upon the issue of monetary damages, the court ordered the case dismissed with prejudice on November 22, 1978. The United States had appealed.

## II

■ The defendants, in addition to supporting the district court on the merits of the striking of compensatory monetary damages, have also argued that the United States can not appeal from a final judgment entered at its own request, but argued this without the citation of authority.

The Supreme Court has considered this argument in various contexts and has rejected it. In *Thomsen v. Cayser*, 243 U.S. 66, 83, 37 S.Ct. 353, 358, 61 L.Ed. 597 (1917), where the losing party persuaded the lower court to dismiss the case rather than to remand for a new trial, the Court said:

> The plaintiffs did not consent to a judgment against them, but only that, if there was to be such a judgment, it should be final in form instead of interlocutory, so that they might come to this court without further delay.

Here the lower court order striking the prayer for monetary damages was interlocutory and this court denied permission to appeal it. The balance of the alleged cause was later dismissed as being moot, which then rendered the earlier order final.

In *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680–681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958), where the United States brought a civil antitrust action but requested dismissal when the district court ordered production of grand jury minutes, the court said:

> When the Government proposed dismissal for failure to obey [the production order], it had lost on the merits and was only seeking an expeditious review.

Consequently, "[t]he orders of dismissal were final orders, ending the case," and the appeal could be maintained.

## III

■ The district court based its result upon *United States v. Long*, 537 F.2d 1151 (4th Cir. 1975), where the lower court found that the defendants were guilty of racial discrimination and had violated the Fair Housing Act; enjoined the defendants from racially discriminatory conduct and had provided for a procedure before a special master for victims to prove up their monetary damages; and certified the question of monetary damages to the Court of Appeals under 28 U.S.C. § 1292(b). The appeals court concluded that, in a § 3613 suit brought by the Attorney General, general monetary damages may not be awarded to the individual victims of discrimination.

The court first noted that Title VIII provides three channels for relief. First, § 3610 provides that any aggrieved person may file a complaint with the Secretary of Housing and Urban Development who may then attempt to correct the alleged discriminatory practice through administrative action. Second, § 3612 authorizes private parties to bring civil actions and that "[t]he court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff . . . ." Third, § 3613 authorizes the Attorney General, in a matter of "general public importance", to bring an action seeking "preventive relief, including an application for permanent or temporary injunction, restraining order, or other order . . . ."

The Fourth Circuit concluded that a literal reading of § 3613 indicates that "preventive relief" is equitable in nature and the words "or other order" contemplate such orders as extend or implement the equitable relief to be granted, such as mandatory injunctions or declaratory judgments, without broadening the scope of relief to include legal remedies such as damages. The court distinguished monetary damages from equitable monetary relief, wherein a court of equity may award relief in the form of monetary restitution—such as discriminatory deposits or overcharges—under § 3613.

Subsequent to Long, a district court in Texas found Fair Housing Act violations in a § 3613 suit and granted an injunction and other affirmative relief (display of fair housing posters, an equal housing opportunity statement in all advertising, and the posting of a schematic drawing of the housing complex showing the locations of all vacancies) but denied damages on behalf of injured tenants. The Fifth Circuit affirmed in United States v. Mitchell, 580 F.2d 789 (5th Cir. 1978). As in Long, the

court of appeals read § 3613 as authorizing equitable remedies only including equitable restitution, but excluding legal damages.

We cannot add to what has been said in Long and Mitchell. The government has been candid in conceding that "[t]he legislative history of the Fair Housing Act provides no guidance" because it is totally silent on the Attorney General's power to seek legal damages.

The government has argued that the Attorney General may seek such "other order . . . as he deems necessary to insure the full enjoyment of the rights granted by . . . [Title VIII]"; that those rights include monetary damages; and that monetary awards have a preventive effect, citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), where the element of damages involved was back pay.

Albemarle is not of much assistance to the government since it refers to the award of back pay as within the "historic power of equity" and the lower court here expressly preserved the government's right to "monetary damages of an equitable nature." [2] Furthermore, the statute involved in Albemarle was 42 U.S.C. § 2000e–5, which expressly empowers the district court to "order such affirmative action as may be appropriate, which may include . . . back pay . . . ."

We are particularly impressed by the fact that Congress not only expressly provided for private causes of action in § 3612 but that in that section it was aware that it should add that "[t]he court . . . may award to the plaintiff actual damages and not more than $1,000 punitive damages . . . ." when it intended such a result.

The judgment of the district court is affirmed.

---

**2.** In Rogers v. Loether, 467 F.2d 1110, 1121 (7th Cir. 1972), we held that an award of back pay was an appropriate exercise of the chancellor's power to require restitution and that restitution

is clearly an equitable remedy. Both Long and Mitchell distinguish back pay as equitable restitution from legal monetary damages.