**UNITED STATES of America, Plaintiff,**

v.

**Seymour ORLOFSKY, Seymour Orlofsky, Inc., Lenore Hellman, Ingrid Neil, Sam Maccagnno, John Pitura, Goodson-Todman Enterprises, Ltd., Bryant Gardens Associates, Markrob Company, Jill Projects, Inc., 10 Franklin Avenue Company, Defendants.**

No. 79 Civ. 4798 (RWS).

United States District Court,
S. D. New York.

Sept. 28, 1981.

John S. Martin, Jr., U. S. Atty. for the Southern District of New York, New York City, for plaintiff; John M. O'Connor, Asst. U. S. Atty., New York City, of counsel.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendants; Charles H. Miller, New York City, of counsel.

OPINION

SWEET, District Judge.

Defendants, Seymour Orlofsky et al., move for summary judgment against plaintiff, United States ("the Government"), in an action charging them with housing discrimination under 42 U.S.C. § 3613. This motion is denied. Alternatively, defendants move for partial summary judgment on the ground that the government is not entitled to recover monetary damages under 42 U.S.C. § 3613. This motion is granted.

There are two additional motions by defendants presently before this court. The motion to require the government to produce certain documents is granted. The decision upon the motion to dismiss the amended complaint against the Estate of Seymour Orlofsky will be reserved.

In the motion for summary judgment, defendants assert that there is no genuine issue of material fact. In response to this motion, the Government served a Declaration of the Assistant United States Attorney in charge of the case and several exhibits. Defendants challenge the sufficiency of both the Declaration, because it lacks personal knowledge, and the exhibits, because they lack certification. However, pursuant to Rule 56(c) Fed.R.Civ.P., summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Numerous depositions have been taken. The exhibits attached to the Declaration are excerpts from these depositions. Although defendants are correct in pointing out that the transcripts are not certified, at least one exhibit, exhibit P, indicates that, as is the custom, the parties have stipulated to waive filing, sealing, and certification. Moreover, the Declaration is sufficient to attest to the fact that for the most part the exhibits are either transcripts of depositions or state-

ments acknowledged by deponents under oath and introduced as exhibits at depositions.

■ The defendants invocation of collateral estoppel deserves scant attention. Because the Government was not a party to the New York State Division of Human Rights determination, they did not have a "full and fair" opportunity to litigate their claims. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332–33, 99 S.Ct. 645, 652–53, 58 L.Ed.2d 552 (1979); *Pinto Trucking Serv. Inc. v. Motor Dispatch, Inc.*, 485 F.Supp. 484, 488–89 (N.D.Ill.1980); *cf. United States v. Philadelphia Electric Co.*, 351 F.Supp. 1394 (E.D.Pa.1972). Additionally, the Government is alleging a pattern and practice of discrimination and this issue was not before the state agency. The state agency was presented with an isolated instance of alleged discrimination. An individual complainant did not offer evidence of other violations. Consequently the state agency did not consider whether there was a policy, pattern, or practice of discrimination. Thus there is no identity of issue on which to base the doctrine of collateral estoppel. *In re Merrill*, 594 F.2d 1064, 1067 (5th Cir. 1979); *Kaplan v. Bennett*, 465 F.Supp. 555, 559–60 (S.D.N.Y.1979). Furthermore, the pleadings, answers to interrogatories, and depositions indicate that there are numerous issues of fact. The deposition of Lenore Hellman, which states that she has had conversations with Ingrid Neil, John Pitura, and Sam Maccagnno about the race of applicants contradicts their testimony. The statement of Dale Nelson alleging that Pitura told him that his "boss don't rent to colored" contradicts Pitura's denial of this statement. The statements of other applicants and testers raise substantial questions as to whether individuals were denied apartments because of their race, or whether a policy, pattern or practice of discrimination exists. The total population statistics presented by defendants do not necessarily resolve these questions for the Government seeks to establish a policy of assignment of applications which it claims require analysis on a building by building basis. Consequently, defendant's motion

for summary judgment is denied, factual issues having been presented.

■ Defendants' motion for partial summary judgment dismissing the Government's claim for monetary relief is granted. The Government brought this action pursuant to 42 U.S.C. § 3613 seeking permanent injunctive relief and damages for discriminatory housing practices in violation of the Fair Housing Act of 1968. 42 U.S.C. §§ 3601–3619. Section 3613, and not § 3617, is the basis of this action. The Government may allege violations of § 3617 just as it alleges violations of §§ 3604 and 3606. However, only § 3613 authorizes enforcement by the Attorney General, and this section limits the Government to a civil action "requesting such *preventive* relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for such pattern or practice or denial of rights, as he deems necessary." (emphasis added).

The Government argues that, although three circuits have held that § 3613 does not authorize relief which includes payment of damages to victims of discrimination, *United States v. Rent–A–Home Systems of Illinois, Inc.*, 602 F.2d 795 (7th Cir. 1979); *United States v. Mitchell*, 580 F.2d 789 (5th Cir. 1978); *United States v. Long*, 537 F.2d 1151 (4th Cir. 1975), *cert. denied*, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976), this court is free to award money damages, the Second Circuit not having decided this issue. The Government contends that § 3613 does not limit relief to equitable remedies and that this court should interpret this section broadly to effect the policy of fair housing without discrimination.

In *Long*, the Fourth Circuit held that a "literal reading ... [of § 3613] ... indicates that the 'preventive' relief is equitable in nature." 537 F.2d at 1153. The Government argues that "equitable" has meaning only with regard to the right to a trial by jury. For this court, the language also has meaning with respect to the type of relief available. In effect, the Government seeks

to have this court disregard *Long*, a hazardous undertaking for the District Court. I conclude that "preventive" relief authorized by § 3613 does not include the availability of compensatory damages.

Further, the Government's argument, based solely upon policy, also fails. Individual victims may obtain compensation by bringing suit for damages under § 3612. Because "damages suffered by the victims of such conduct may be the expense of obtaining nondiscriminatory housing, or of an intangible nature such as the embarrassment attendant upon being relegated to substandard housing," *id.* at 1154, the scope of these damages is properly dealt with in private actions.[1] Additionally, the Government's role in enforcing public policy is served by the issuance of an injunction or order of affirmative action pursuant to § 3613. Therefore, the Government's claim for money damages is dismissed.

On October 26, 1980, during the course of this litigation, defendant Seymour Orlofsky died. The Government moved for an order substituting the Estate of Seymour Orlofsky for Seymour Orlofsky as a party defendant. This court granted the motion on March 4, 1981. The Estate now moves to dismiss the action against it. The scope of discovery was limited to the period from January 1, 1975 to January 1, 1980. The Estate was not responsible for, or in control of, any policies or practices by any of the defendants during the pertinent time involved in this law suit. Because a cause of action for injunctive relief does not survive the death of a party, the action against Orlofsky's estate would appear to be subject to dismissal on the action as it now stands. However, the Government has sought to extend the discovery period, and the scope of its complaint to the present and a motion to that effect is anticipated and pending its resolution, decision on the Estate's motion will be reserved.

■ Finally, defendants move for an order compelling the production of the statements of fourteen non-party witnesses, pursuant to Rule 37(a) Fed.R.Civ.P. The Government opposes the motion on the ground that the statements were gathered in preparation for litigation and as such, are privileged under Rule 26(b)(3) Fed.R.Civ.P. Rule 26(b)(3) provides that a party may obtain documents prepared in anticipation of litigation provided that he "has substantial need for the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

All parties concede that the requested witnesses' statements are documents prepared in anticipation of litigation. The issue is whether defendants have established the required showing of substantial need and undue hardship.

The Advisory Committee Notes to Rule 26(b)(3) and case law indicate factors to be considered in determining whether a party has substantial need for documents in its adversary's possession. In *United States v. Chatham City Corp.*, 72 F.R.D. 640 (S.D.Ga. 1976), the court denied discovery of witnesses' statements because "a substantial equivalent of witnesses' statements can be obtained by . . . deposition." *Id.* at 644. Defendants contend that lapse of time, forgetfulness, or the possibility that the witness may be hostile prevents them from obtaining the substantial equivalent of the documents even if they were to take depositions. Defendants cite to *Southern Ry. Co. v. Lanham*, 403 F.2d 119 (5th Cir. 1968), and *Guilford Nat'l Bank v. Southern Ry. Co.*, 297 F.2d 921 (4th Cir. 1962), which support the proposition. The Advisory Committee Notes, although realizing that these cases were decided prior to the amended rules, adopt the same factors as considerations.

Evidence that two witnesses, whose depositions were conducted were not able to recall information independent of their prior statements, which were produced at or before the deposition offers minimal sup-

---

1. The possibility that individuals may be reticent to bring suit is countered by the possibility of an award of attorney's fees and costs as well as the use of collateral estoppel if the Government is successful in this suit.

port for defendants' theory that they will be unable to obtain the substantial equivalent of the statement. Defendants' contention of financial inability to take depositions of the fourteen additional witnesses is not in itself sufficient to meet the rule's requirement of undue hardship.

However, the possibility of lapsed memories and financial hardship, when combined with other factors tip the balance in favor of production. The Government failed to provide any addresses for these witnesses although requested to do so in defendant's first set of interrogatories, dated April, 1980. Parties "are entitled as a matter of right to ascertain the names and addresses of persons having knowledge of the subject matter." *United States v. Chatham City Corp.*, 72 F.R.D. at 644. Additionally, the large number of witnesses already deposed and the number of possibly insignificant witnesses yet remaining, as well as the length of time already involved in discovery, indicate circumstances, which are sufficient to enable production. The District Court has wide discretion to determine "whether circumstances justify the production of work product materials for inspection." *Id.* In light of the above discussion, defendants' motion to compel the production of witnesses' statements is granted.

IT IS SO ORDERED.