**Ricky BROWN, et al., Plaintiffs,**

v.

**CITY OF ONEONTA, NEW YORK, et al., Defendants.**

**No. 93–CV–349.**

United States District Court, N.D. New York.

Feb. 6, 1995.

See also, 858 F.Supp. 340.

Whiteman, Osterman & Hanna (David Scott Bassinson, of counsel), Albany, NY, for plaintiffs.

Dennis C. Vacco, Atty. Gen. of the State of N.Y. (Robert A. Siegfried, Asst. Atty. Gen., of counsel), Albany, NY, for defendants.

Dreyer, Boyajian & Tuttle (James B. Tuttle, of counsel), Albany, NY, for City of Oneonta.

Vanwoert & McVinney (Richard W. McVinney, of counsel), Oneonta, NY, for John Edmondson.

Rowley, Forrest, O'Donnell & Hite, P.C. (Brian J. O'Donnell, of counsel), Albany, NY, for Leif Hartmark.

### SUPPLEMENTAL ORDER

HURD, United States Magistrate Judge.

This Court has been called upon to supplement its order of January 17, 1995, compelling the discovery of the name, address, and telephone number of the complaining witness. This Court sets forth its reasoning for its decision as follows.

### DISCUSSION

Plaintiffs sought to compel disclosure of the name, address, and telephone number of the complaining witness to an alleged burglary and assault occurring just outside the City of Oneonta—the investigation of which forms the basis for the claims of this action. Defendants have refused to disclose this information claiming: (1) an ongoing investigation by the police; (2) privacy and safety interests of the complaining witness in that her alleged attacker could obtain such information; (3) that plaintiffs could obtain nothing more from this witness than the description of her

assailant given to the police, which plaintiffs already have; and (4) privilege on the part of the complaining witness through New York Civil Rights Law § 50–b, claiming that the assault was based upon sex.

Plaintiffs argue that as the only witness to the alleged crime, she is vital to proving their case. They do not dispute the description given to police investigators of her attacker, but seek to find out whether other information was forwarded to the police as well which was not used in their investigation. They point out that the witness's age—she is purportedly eighty years old—and physical condition create concern that irrevocable prejudice could be done by withholding her name.

> It is a premise of modern litigation that the Federal Rules contemplate liberal discovery, in the interest of just and complete resolution of disputes.... However, the potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is proper and warranted in the circumstances of the case.

*Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422 (Fed.Cir.1993).

■ Dealing with defendants' last argument first, New York's Civil Rights Law offers a right of privacy to the victims of sex offenses. N.Y. Civ. Rts. Law § 50–b (McKinney's 1992). It states in pertinent part:

> 1. The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25 of the penal law, shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.

> . . . . .

*Id.* This state privacy right, however, reaches only a finite number of enumerated offenses, and neither burglary nor assault falls within the specified offenses as enumerated in Article 130 and § 255.25 of the Penal Law.

Defendants intimate through an affidavit of Alan R. Broers, Lieutenant in the New York State Police, that the spirit of the right would be violated by disclosure herein. They infer that the facts surrounding the crime point to a motivation based upon sex, and that this complaining witness should therefore be eligible to draw from the protection of § 50–b. However, the right is explicitly delineated to protect only those victims of specified crimes. As the crimes alleged by the complaining witness fall outside this finite list, she may not call upon the protections offered by § 50–b.

■ Furthermore, even if § 50–b were applicable to the alleged crime involved here, "New York state law does not govern discoverability and confidentiality in federal civil rights actions.... Questions of privilege in federal civil rights cases are governed by federal law." *King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y.1988) (citing *Von Bulow v. Von Bulow,* 811 F.2d 136, 141 (2d Cir.1987) and Fed.R.Evid. 501).

The complaining witness's ineligibility for a delineated state right to privacy, however, in no way affects the application of Fed.R.Civ.P. 26 in the discovery of sought after information, and while "[p]arties 'are entitled as a matter of right to ascertain the names and addresses of persons having knowledge of the subject matter,'" *U.S. v. Orlofsky,* 538 F.Supp. 450, 454 (S.D.N.Y.1981) (quoting *U.S. v. Chatham City Corp.,* 72 F.R.D. 640, 644 (S.D.Ga.1976)), this right is not without restriction. Defendants, and indeed the complaining witness, still receive protections federally, and while a state privacy rule may not be directly applicable, it may reflect a privacy interest that should be taken into account. *Conde,* 121 F.R.D. at 187.

Fed.R.Civ.P. 26(c) grants this Court the power to protect a party or person from any unduly burdensome discovery. "Under the Rule, a court is required to compare the potential hardship to the party against whom discovery is sought, if discovery is granted, with that to the party seeking discovery if it is denied." *Solarex Corp. v. Arco Solar, Inc.,*

121 F.R.D. 163, 169 (E.D.N.Y.1988), *aff'd* 870 F.2d 642 (Fed.Cir.1989). Furthermore, even when a formal privilege is absent, the relevance of the sought after information or material as measured by Fed.R.Civ.P. 26(b)(1) should be closely examined. *Id.* 121 F.R.D. at 169–70 (citing *Herbert v. Lando,* 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979)).

■ This Court, in its original order, applied just such a balance and reviewed the relevance of this discovery material. It determined that disclosure, if severely restricted, could both protect the interests of those opposed, and fulfill the founded reasons proffered by plaintiff for disclosure. The Court, therefore, limited disclosure by stating: "1. The information produced shall be disclosed only to attorneys employed or retained by the parties and employees of said attorneys; and 2. Such information will not be disclosed to any of the individual Plaintiffs or Defendants." *Brown v. Oneonta,* 160 F.R.D. 18, No. 93–CV–349 (N.D.N.Y.1995) (Discovery Order).

■ Defendants forwarded a second argument that an ongoing police investigation carries a privilege that prohibits the disclosure of this witness's name, address, and telephone number. However, this "ongoing investigation" privilege was found to be no longer applicable after the passage of a reasonable amount of time, in a court order of almost one year ago. *See Brown v. Oneonta,* 93–349 (N.D.N.Y. February 11, 1994) (Pl. Aff. Ex. "H" at 2).

■ Finally, the argument that this information would not be probative and would reveal nothing more than the general description given police investigators holds little weight. The claims of this case focus upon an alleged violation of civil rights in the conduct of an investigation. Such claims call into question the investigative techniques, and accordingly, the very results of that investigation. The claims substantiate a concern about relying upon those investigative results in discovery. To accept as fact that this complaining witness can offer nothing more of substance to this case ignores her immediate involvement in the incident.

Furthermore, State Police Senior Investigator H. Karl Chandler, stationed at the state police barracks in Oneonta, submitted an affidavit dated September 14, 1993. After describing his extensive experience in the investigation of serious crimes such as first degree burglary, he stated:

It is a basic tenet of criminal investigation that the significance, or lack thereof, of information gleaned during an investigation is not capable of being determined until a suspect or perpetrator is identified. Thus, the seemingly innocuous statements of witnesses interviewed during an investigation may later turn out to be significant. They may be inconsistent with other information, create or destroy an alibi, or be inconsistent with other, later learned facts and thus indicate guilt, etc.

(Pl. Aff. Ex. "H" at 1–2). Defendants cannot then argue that this witness will not provide anything of value in the maintenance of this suit when no suspect has been identified. Therefore, it is

ORDERED, that plaintiff's motion is granted; and it is further

ORDERED, that the New York State Police Defendants produce the requested information, immediately upon lifting of the present stay, subject to the following conditions:

1. The information produced shall be disclosed only to attorneys employed or retained by the parties and employees of said attorneys; and

2. Such information will not be disclosed to any of the individual plaintiffs or defendants.

IT IS SO ORDERED.